UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

CHARLES W. KERN,

Plaintiff,

v.

ENVIRONMENTAL DATA
RESOURCES, INC.

Defendant.

_____/

2003 NOV 10   A 10:44

DISTRICT COURT
HARTFORD CT

CIVIL CASE NO. 303-CV-0233-AVC

November 7, 2003

## DEFENDANT ENVIRONMENTAL DATA RESOURCES, INC.'S ANSWER TO FIRST SUBSTITUTED COMPLAINT AND AFFIRMATIVE DEFENSES

Defendant Environmental Data Resources, Inc. ("Defendant" or "EDR"), pursuant to

Rule 12 of the Federal Rules of Civil Procedure, hereby answers the numbered paragraphs of

Plaintiff's Complaint as follows:

1.      Denies the allegations contained in this paragraph, except admits that Plaintiff

asserts claims for lost wages and tortious interference and that Plaintiff seeks to enjoin EDR's

efforts to enforce its non-competition agreement with Plaintiff.

2.      Denies the allegations contained in this paragraph, except admits that Plaintiff

asserts claims for declaratory, injunctive and equitable relief, monetary and liquidated damages,

and costs and attorney fees for discrimination allegedly suffered by the plaintiff when the

defendant terminated his employment.

### JURISDICTION

3.      Admits that Plaintiff attempts to invoke this Court's jurisdiction pursuant to 28

U.S.C. § 1332(a)(1).

4.      Admits that Plaintiff attempts to bring this action under the Age Discrimination in

Employment Act ("ADEA"), 29 U.S.C. § 626 et seq.

     5.     Admits that having amended his Complaint to include a cause of action pursuant

to ADEA, Plaintiff also attempts to invoke this Court's jurisdiction pursuant to 29 U.S.C. §

626(b), and additionally, 28 U.S.C. § 1331, 28 U.S.C. § 1343 (a)(3), and 28 U.S.C. § 1343 (a)(4).

     6.     Admits that Plaintiff attempts to invoke this Court's jurisdiction over his state law

claims pursuant to the Court's supplemental jurisdiction.

     7.     Denies that all conditions precedent to jurisdiction under ADEA have occurred or

have been complied with.

     8.     Denies the allegations contained in this paragraph on the basis of Plaintiff's

failure to attach a copy of a notice of right to sue received from the appropriate administrative

agency, but admits that Plaintiff claims to have filed a charge of employment discrimination on

the basis of age with the United States Equal Employment Opportunity Commission ("EEOC"),

the Florida Commission on Human Relations, and the Broward County Human Rights Division,

on or about December 19, 2002 and within 180 days of the commission of the alleged unlawful

employment practices.

## VENUE

     9.     Admits that Plaintiff attempts to lay venue in this district pursuant to 28 U.S.C. §

1391(a)(1), 28 U.S.C. § 1391(b)(1) and 29 U.S.C. § 626(c)(1).

MORGAN, LEWIS & BOCKIUS LLP

5300 WACHOVIA FINANCIAL CENTER, 200 S. BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131-2339 · TELEPHONE (305) 415-3300

## PARTIES

10.     Admits, upon information and belief, that Plaintiff is a citizen of the United States and is a resident of the state of Florida.

11.     Admitted.

12.     Admits that Defendant regularly transacts business within the state of Connecticut, but affirmatively states that the question of jurisdiction is a question of law to which no responsive pleading is required.

## FACTUAL ALLEGATIONS

13.     Lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint.

14.     Defendant refers to the May 15, 2000 letter for its contents.

15.     Admits that Plaintiff accepted Defendant's May 15, 2000 offer of employment.

16.     Denied.

17.     Denied.

18.     Denied.

19.     Denied.

20.     Admits that in May 2000, Defendant believed that Plaintiff was qualified to perform the job of Regional Manager for the state of Florida, otherwise EDR denies the allegations in this paragraph of the Complaint.

21.     Denied.

22.     Admits that Plaintiff's at-will employment relationship with Defendant was terminated on or about July 11, 2002, and denies the remaining allegations contained in paragraph 16 of the Complaint.

MORGAN, LEWIS & BOCKIUS LLP
5300 WACHOVIA FINANCIAL CENTER, 200 S. BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131-2339 · TELEPHONE (305) 415-3300

23.    Denied.

24.    Denied.

25.    Defendant refers to the e-mail for its contents, otherwise EDR denies the allegations in this paragraph of the Complaint.

26.    Defendant refers to the e-mail for its contents, otherwise EDR denies the allegations in this paragraph of the Complaint.

27.    Denied.

28.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint.

29.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint.

30.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint.

31.    Defendant refers to the writing for its contents, otherwise EDR denies the allegations in this paragraph of the Complaint.

32.    Defendant refers to the writing for its contents, otherwise EDR denies the allegations in this paragraph of the Complaint.

33.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Complaint.

## FIRST CAUSE OF ACTION
### (Violation of Connecticut General Statutes § 31-71(c) and § 31-71(k))

34-66.  Defendant reincorporates its responses to paragraphs 1-33 of Plaintiff's First Substituted Complaint as if fully set forth herein.

67.    Denied.

MORGAN, LEWIS & BOCKIUS LLP

5300 WACHOVIA FINANCIAL CENTER, 200 S. BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131-2339 · TELEPHONE (305) 415-3300

68.    Denied.

69.    Denied.

70.    Denied.

71.    Denied.

## SECOND CAUSE OF ACTION
## (Tortious Interference With Business Opportunity)

72-104.    Defendant reincorporates its responses to paragraphs 1-33 of Plaintiff's

Complaint as if fully set forth herein.

105.    Defendant lacks knowledge or information sufficient to form a belief as to the

truth of the allegations set forth in paragraph 105 of Plaintiff's First Substituted Complaint.

106.    Denied.

107.    Denied.

108.    Denied.

109.    Denied.

110.    Denied.

111.    Denied.

## THIRD CAUSE OF ACTION
## (Unreasonable Non-Compete Covenant)

112-144.    Defendant reincorporates its responses to paragraphs 1-33 of Plaintiff's

First Substituted Complaint as if fully set forth herein.

145.    Denied.

146.    Denied.

147.    Denied.

148.    Denied.

MORGAN, LEWIS & BOCKIUS LLP

5300 WACHOVIA FINANCIAL CENTER, 200 S. BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131-2339 · TELEPHONE (305) 415-3300

149.   Denied.

150.   Denied.

151.   Denied.

## FOURTH CAUSE OF ACTION
### (Breach of Contract for Payment of Wages)

152-184.   Defendant reincorporates its responses to paragraphs 1-33 of Plaintiff's

First Substituted Complaint as if fully set forth herein.

185.   Denied.

186.   Denied.

187.   Denied.

188.   Denied.

189.   Denied.

## FIFTH CAUSE OF ACTION
### (Unlawful Age Discrimination)

190-222.   Defendant reincorporates its responses to paragraphs 1-33 of Plaintiff's

First Substituted Complaint as if fully set forth herein.

223.   Denied.

224.   Denied.

225.   Denied.

226.   Denied.

227.   Denied.

228.   Denied.

229.   Denied.

230.   Denied.

231.   Denied.

232.   Denied.

233.   Denied.

## SIXTH CAUSE OF ACTION
### (Unlawful Retaliation)

234-266.     Defendant reincorporates its responses to paragraphs 1-33 of Plaintiff's First Substituted Complaint as if fully set forth herein.

267.   Denied.

268.   Denied.

269.   Denied.

270.   Admitted.

271.   Denied.

Defendant denies each and every allegation not specifically admitted in this Answer, denies all liability, and further denies that Plaintiff is entitled to any relief whatsoever from Defendant, including that set forth in the PRAYER FOR RELIEF set forth following paragraph 271 of Plaintiff's First Substituted Complaint.[1]

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Plaintiff First Substituted Complaint, in whole or in part, fails to state a claim for which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff cannot state a cause of action under the Connecticut Wage Payment statute because Plaintiff was employed outside the state of Connecticut.

### THIRD AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims brought pursuant to provisions of statutes of the State of Florida are expressly barred by the terms of the employment agreement he entered into with Defendant.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by his failure to satisfy all conditions precedent.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to meet the conditions precedent to his claim under the ADEA.

### SIXTH AFFIRMATIVE DEFENSE

The Court lacks jurisdiction over some or all of the claims asserted in the First Substituted Complaint, or jurisdiction should not be exercised by this Court over those claims because Plaintiff may have failed to fulfill all administrative prerequisites as to at least a portion of the action and may have failed to exhaust his administrative remedies prior to instituting this action.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the relevant statutes of limitations.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, waiver, and estoppel.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of acquiescence and ratification.

---

[1]    Defendant has previously filed six counterclaims against Plaintiff. See Docket No. 9. These claims are pending before the Court and remain operative.

MORGAN, LEWIS & BOCKIUS LLP
5300 WACHOVIA FINANCIAL CENTER, 200 S. BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131-2339 • TELEPHONE (305) 415-3300

### TENTH AFFIRMATIVE DEFENSE

Defendant is entitled to a set-off against any damages Plaintiff recovers based on the wrongful gains and/or benefits Plaintiff obtained from and through his employment with Defendant.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to double damages and/or attorneys' fees under the Connecticut Wage Payment statute or any other state's equivalent statute, to the extent the statute(s) applies and he is owed any wages or fringe benefits, because he failed to mitigate his damages and/or accept wage and/or fringe benefits arguably owed.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claim for tortious interference with business opportunity is barred by the defenses of justification and privilege.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's wage claim is barred by principles of accord and satisfaction.

### FOURTEENTH AFFIRMATIVE DEFENSE

All actions taken by Defendant in connection with its employment of Plaintiff were based on legitimate and reasonable business factors not related to Plaintiff's age or retaliatory motives. Defendant at all times acted in good faith and without any discriminatory motive.

### FIFTEENTH AFFIRMATIVE DEFENSE

No actions by EDR were the proximate cause of any damages claimed by Plaintiffs in the Complaint.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to plead sufficient facts to justify an award of punitive damages.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to liquidated damages under the ADEA because Defendant acted in good faith.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's damages are barred in whole or in part by the doctrine of after-acquired evidence.

EDR reserves the right to raise additional affirmative defenses or to amend those already raised based on additional information or facts that may arise during the course of discovery in this case.

WHEREFORE, Defendant, EDR, respectfully requests that the Court dismiss Plaintiff's First Substituted Complaint, with prejudice, and award EDR its costs and attorneys fees incurred in defending this action.

MORGAN, LEWIS & BOCKIUS LLP

5300 WACHOVIA FINANCIAL CENTER, 200 S. BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131-2339 · TELEPHONE (305) 415-3300

DATED this __7th__ day of November, 2003.

Respectfully submitted,

Morgan, Lewis & Bockius LLP

Brian D. Buckstein
Ct. Fed Bar No. ct24543
bbuckstein@morganlewis.com
5300 Wachovia Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131-2339
Telephone:    305.415.3303
Facsimile:    305.415.3001

Sarah Poston, Esq
Ct. Fed Bar No. ct24543
Zeldes, Needle & Cooper, P.C.
1000 Lafayette Blvd.
P.O. Box 1740
Bridgeport, CT 06601-1740
(203) 333-9441
Facsimile: (203) 333-1489

## CERTIFICATE OF SERVICE

I certify that the foregoing has been furnished to counsel for Plaintiff, Thomas W. Bucci,

Esq., Willinger, Willinger & Bucci, P.C., 855 Main Street, Bridgeport, CT 06604 by U.S. mail

this __7th__ day of November, 2003.

Brian Buckstein