FILED

2003 DEC 23 A 9: 25

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DISTRICT COURT
HARTFORD, CT.

| | | |
|---|---|---|
| CHARLES W. KERN, | : | CIVIL CASE NO. |
|     Plaintiff, | : | 3:03cv0233(AVC) |
| VS. | : | |
| | : | |
| ENVIRONMENTAL DATA | : | |
| RESOURCES, INC., | : | |
|     Defendant. | : | DECEMBER 22, 2003 |

### PLAINTIFF'S ANSWER TO DEFENDANT'S COUNTERCLAIMS

1. Admit.

2. Admit.

3. Admit.

4. Admit.

5. Admit.

6. Deny.

7. Deny.

8. Deny. The plaintiff was already an employee in good standing with the defendant.

9. Deny to the extent that the plaintiff had a new employment relationship with the defendant. The plaintiff was already employed by the defendant; he did not accept new employment.

10. Admit.

11. Deny.

12. Deny.

13. Deny.

14. Deny.

15. Admit that the plaintiff was terminated from his position with the defendant; deny that the plaintiff submitted duplicative and improper expense reports.

16. Admit.

17. Admit.

18. Deny.

19. Deny.

## COUNT I – UNJUST ENRICHMENT

20. Plaintiff incorporates paragraphs 1 through 19 of its Answer.

21. Deny.

22. Deny.

23. Deny.

### COUNT II – FRAUD

24. Plaintiff incorporates paragraphs 1 through 19 of its Answer.

25. Deny.

26. Deny.

27. Deny.

28. Deny.

### COUNT III – CONVERSION

29. Plaintiff incorporates paragraphs 1 through 19 of its Answer.

30. Deny.

31. Deny.

### COUNT IV – BREACH OF CONTRACT

32. Plaintiff incorporates paragraphs 1 through 19 of its Answer.

33. Deny.

34. Deny.

35. Deny.

## COUNT V –TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIPS AND EXPECTATIONS

36. Plaintiff incorporates paragraphs 1 through 19 of its Answer.

37. Admit.

38. Admit.

39. Deny.

40. Deny.

## COUNT VI – TORTIOUS INTERFERENCE WITH CONTRACT

41. Plaintiff incorporates paragraphs 1 through 19 of its Answer.

42. Admit.

43. Admit.

44. Deny.

45. Deny.

### I.    FIRST AFFIRMATIVE DEFENSE – NON-COMPETE CLAUSES ARE UNENFORCEABLE

The terms of the non-compete clauses are not enforceable because:

1. They were entered without consideration;

2. They were geographically overbroad; and

3. They were excessive in their temporal limitations.

## II. SECOND AFFIRMATIVE DEFENSE – UNCLEAN HANDS

The defendant unlawfully terminated the plaintiff's employment. As such, it should be barred from benefiting from its unlawful behavior by enforcing non-compete agreements that were based on an assumption that the defendant would conduct itself in a lawful manner.

## III. THIRD SPECIAL DEFENSE – UNLAWFUL RETALIATION

The defendant has interposed its counterclaims in retaliation for the plaintiff charging it with unlawful age discrimination. As such, the defendant has violated the anti-retaliatory provisions of the ADEA.

                THE PLAINTIFF – CHARLES KERN

                BY _____
                Thomas W. Bucci, for
                WILLINGER, WILLINGER & BUCCI, P.C.
                855 Main Street
                Bridgeport, CT 06604
                Tel: (203) 366-3939
                Fax: (203) 337-4588
                Fed. Bar #ct07805

## **CERTIFICATION**

I hereby certify that copies of the foregoing *Answer to Defendant's Counterclaim* have been sent, by First Class Mail, postage prepaid, on this 22nd day of December, 2003, to:

Brian D. Buckstein, Esquire
CT Fed. Bar #ct24543
Mark E. Zelek, Esquire
CT Fed. Bar #ct25203
MORGAN, LEWIS & BOCKIUS LLP
5300 Wachovia Financial Center
200 South Biscayne Boulevard
Miami, FL 33131-2339
Tel: (305) 415-3380
Fax: (305) 415-3001

Sarah Poston, Esquire
CT Fed. Bar #ct19702
ZELDES, NEEDLE & COOPER, P.C.
1000 Lafayette Blvd
P.O. Box 1740
Bridgeport, CT 06601-1740
Tel: (203) 333-9441
Fax: (203) 333-1489

_____
Thomas W. Bucci