UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

-------------------------------------------------------X
CHARLES W. KERN,                          :
                                          :
        Plaintiff,                        :
                                          :     3:03 CV 0233 (AVC)
  -against-                              :
                                          :
ENVIRONMENTAL DATA                        :
RESOURCES, INC.                           :
                                          :
        Defendant.                        :     January 13, 2004
-------------------------------------------------------X

**DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S
UNTIMELY ANSWER TO DEFENDANT'S COUNTERCLAIMS**

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, Defendant Environmental Data Resources, Incorporated ("Defendant" or "EDR"), respectfully requests that this Court strike from the record "Plaintiff's Answer to Defendant's Counterclaims" (Docket No. 22), **which was served 243 days late**.  In support of its request, Defendant states the following:

    1.     Plaintiff Charles W. Kern ("Plaintiff") filed the Complaint in this case on February 5, 2003 (Docket No. 1), and the Complaint and Summons were served on Defendant on February 11, 2003.  Defendant timely filed its Answer, Affirmative Defenses and Counterclaims on March 31, 2003.  (Docket No. 9; *see also* Docket No. 6, Endorsed Order granting extension of time to answer).

    2.     Defendant asserted six counterclaims against Plaintiff: unjust enrichment (Count I), fraud (Count II), conversion (Count III), breach of contract (Count IV), tortious interference with a business relationship and expectations (Count V), and tortious interference with contract (Count VI).

    3.     Even though Plaintiff's answer to Defendant's counterclaims was due on April 23, 2003, Plaintiff failed to submit his answer or a request for an extension by this deadline.

4. Despite the fact that the Court set April 5, 2003 as the deadline to file amended pleadings (Docket No. 2), Plaintiff sought leave of Court to file an amended complaint on April 29, 2003 (Docket No. 12). This request was granted on October 21, 2003 (Docket No. 16).

5. Defendant filed its Answer and Affirmative Defenses to Plaintiff's amended complaint on November 10, 2003, and in it, Defendant made reference to the unanswered counterclaims it had previously asserted against Plaintiff in its initial answer. (*See* Docket No. 18, p. 8, n. 1).

6. **Discovery closed in this case on November 3, 2003.**

7. Defendant filed a motion for summary judgment by the Court ordered deadline, December 1, 2003. (Docket No. 19).

8. On December 22, 2003, **266 days after EDR served its Counterclaims (243 days late), 48 days after the close of discovery, and 21 days after EDR submitted its summary judgment brief**, Plaintiff filed an Answer to Defendant's Counterclaims (Docket No. 22).

9. Defendant's Motion for Summary Judgement is ripe for resolution and Plaintiff's attempt to submit his egregiously untimely answer to Defendant's Counterclaims without leave of court, after the close of discovery and after Defendant's Summary Judgment Motion was filed should not be permitted.

## **ARGUMENT**

Under FED. R. CIV. P. 7(a), a reply to a counterclaim is a standard pleading in any case in which a counterclaim is raised. FED. R. CIV. P. 12(a), provides "[t]he plaintiff shall serve a reply to a counterclaim in the answer within 20 days after service of the answer." In addition, pursuant to FED. R. CIV. P. 15(a), "[a] party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer . . . "

Defendant served its Answer, Affirmative Defenses and Counterclaims by mail on March 31, 2003. Accordingly, Plaintiff's answer was due on or before April 23, 2003. *See* FED. R. CIV. P. 12(a). **Plaintiff never served this answer**. Moreover, after Defendant filed a responsive pleading to Plaintiff's Amended Complaint on November 11, 2003 (Docket No. 18), **Plaintiff again failed to file a timely answer to Defendant's counterclaims**. Indeed, Plaintiff did not finally serve his answer until December 22, 2003, **243 days late.** (Docket No. 22). Therefore, Plaintiff's Answer to Defendant's counterclaims was untimely filed with respect to the original answer filed in March 2003, **and** with respect to the answer to the amended complaint, filed in November 2003.

The Federal Rules of Civil Procedure have been uniformly "interpreted as empowering courts to strike late-filed pleadings." *United States v. One 1987 BMW 325, et al.*, 985 F.2d 655, 660 (1st Cir. 1993); *see also United States v. Lot 65 Meadow*, 976 F.2d 1155, 1157 (8th Cir. 1992) (affirming district court's grant of motion to strike untimely answer under Rule 12(f)); *New Colt Holding Corp. v. RJG Holdings of Florida, Inc.*, No Civ. 3:02CV173(PCD), 2003 WL 22327167, *5 (D. Conn. June 17, 2003) (granting motion to strike untimely filed reply to motion to compel) (see attached Tab A); *Dukes v. South Carolina Ins. Co.*, 770 F.2d 545, 549 (5th Cir.

1985) (striking untimely response to request for admission under Rule 36, pursuant to which the subject of requests are deemed admitted if responses to them are not timely filed); *cf.* Fed. R. Civ. P. 8(d) ("Averments in pleadings to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading.")

Defendant requested summary judgment on Plaintiff's claims as well as its own counterclaims under the reasonable assumption that all the pleadings in this case had been submitted and discovery was completed. *See* Docket No. 19, Memorandum of Law in Support of Motion for Summary Judgment, at pp. 2-3. Therefore, allowing Plaintiff's untimely answer to the counterclaims will greatly prejudice EDR's defense of Plaintiff's claims as well as the prosecution of its own counterclaims, especially because Defendant's Motion for Summary Judgment has been briefed (at significant expense to Defendant) and because Defendant did not have the opportunity to address the issues raised in Plaintiff's improperly filed answer in its summary judgment papers.

Plaintiff did not request leave from the Court before submitting the absurdly late filing and did not even make an effort to justify, by showing good cause and excusable neglect, his eleventh hour attempt to include an answer to Defendant's counterclaims in the record of this case. *See* Fed. R. Civ. P. 6(b)(2). It is Defendant's position that Plaintiff could not reasonably justify his failure to prosecute his own case in compliance with the applicable rules. His attempt to do so under his own rules, instead of those that are clearly set out in the Federal Rules and the Local Rules of this Court, demonstrates a gross disregard and a flouting of the purpose of the Federal Rules of Civil Procedure "to secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1. Plaintiff's cavalier attitude towards this Court, Defendant and his own civil action, in filing his answer eight months late, without justification, is inexcusable

and should not be countenanced.

WHEREFORE, for all the foregoing reasons, Defendant respectfully requests that this Court enters an order striking Plaintiff's Answer to Defendant's Counterclaim from the record of this case.

DATED this 13th day of January, 2004.

Respectfully submitted,

Morgan, Lewis & Bockius LLP

By: _____
 Mark E. Zelek
 Ct. Fed Bar No. ct25203
 Brian D. Buckstein
 Ct. Fed Bar No. ct24543
 bbuckstein@morganlewis.com
 5300 Wachovia Financial Center
 200 South Biscayne Boulevard
 Miami, Florida  33131-2339
 Telephone:    305.415.3303
 Facsimile:    305.415.3001

Sarah Poston, Esq.
Ct. Fed Bar No. ct19702
Zeldes, Needle & Cooper, P.C.
1000 Lafayette Blvd.
P.O. Box 1740
Bridgeport, CT  06601-1740
Telephone:  (203) 333-9441
Facsimile:  (203) 333-1489

CASE NO. 3:03-CV-0233-AVC

## **CERTIFICATE OF SERVICE**

I certify that the foregoing has been furnished to counsel for Plaintiff, Thomas W. Bucci, Esq., Willinger, Willinger & Bucci, P.C., 855 Main Street, Bridgeport, CT 06604 by U.S. mail this 13th day of January, 2004.

_____

Sarah Poston