FILED

2004 JAN 20 P 1: 32

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CHARLES W. KERN, | : | CIVIL CASE NO. |
|     Plaintiff, | : | 3:03cv0233(AVC) |
| VS. | : | |
| | : | |
| ENVIRONMENTAL DATA | : | |
| RESOURCES, INC., | : | |
|     Defendant. | : | JANUARY 16, 2004 |

## MEMORANDUM IN OPPOSITION TO
## DEFENDANT'S MOTION TO STRIKE

The plaintiff objects to the defendant's motion to strike the plaintiff's answer submitted in reply to the defendant's counterclaim. The plaintiff does not dispute that the answer was submitted long past the due date required by the Federal Rules of Civil Procedure. Plaintiff's counsel asserts that the failure to file the reply to the defendant's counterclaim was inadvertent. The reply was submitted as soon as the mistake in not filing the reply had been discovered. Upon reviewing the defendant's motion for summary judgment, which referenced for the first time the plaintiff's failure to answer the defendant's counterclaim, plaintiff's counsel found that a reply to the defendant's counterclaim had not been previously filed. Although the defendant had the right to move for a default under Federal Rule of Civil Procedure 55, it refrained from doing so. "When a party against whom a judgment for affirmative relief is sought has failed to

plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter a the party's default.

Rule 12 (a) (2) provides, in relevant part, "...The plaintiff shall serve a reply to a counterclaim in the answer within 20 days after service of the answer..." Despite the late filing of the plaintiff's reply to the defendant's counterclaim, the court should allow the pleading to assure a determination of the defendant's claim on their merits. The defendant incorrectly implies that its motion to strike should be granted as a matter of right. It infers that because of the lateness of the reply alone, the plaintiff's answer to its counterclaim must be stricken. Case authority is to the contrary.

In the first instance, it is questionable as to whether a motion to strike is an appropriate pleading under the Federal Rules of Civil Procedure to prevent the late filing of a reply. Federal Rule of Civil Procedure 12 (f), states, in pertinent part, "Upon motion made by a party before responding to a pleading...the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Such is clearly not the case in the present matter. The plaintiff seeks to prevent the filing of the plaintiff's response based on the timeliness of the filing, not on its content. *McMillen v. J.C. Penney Company, Inc.*, 205 F.R.D. 557, 558 (D.Nev. 2002) ("A motion to strike is appropriate where a pleading contains an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Fed. R. Civ. P. 12 (f). Such is not the case here. Plaintiff moves to strike Petty's answer as simply untimely...").

Recognizing that a motion to strike is not the appropriate vehicle to address the issues surrounding the late filing of a response, the courts have adopted an approach that considers the late filing of an answer as a motion to vacate a default, and the motion to strike as a motion for entry of default under Rule 55 (a) of the Federal Rules of Civil Procedure. "The filing of a late answer is analogous to a motion to vacate a default...This is because the party filing the late answer receives the same opportunity to present mitigating circumstances that it would have had if a default had been entered and it moved under Rule 55(c) to set it aside.." *John v. Sotheby's, Inc.*, 141 F.R.D. 29, 35 (1992) (Internal quotations and citations omitted). "Although styled as a Motion to Strike, the substance of Plaintiff's motion is that Petty's failure to file a timely response is a default, and his Motion to Strike is equivalent to a motion for entry of default..." *McMillen v. J.C. Penney Company, Inc.*, 205 F.R.D. at 558(Internal quotations and citations omitted). See also *Heber v. United States of America*, 145 F.R.D. 576, 577 (D. Utah 1992).

In addressing a motion to vacate a default, all doubts are to be resolved in the defaulted party's favor. *Heber v. United States of America*, 145 F.R.D. at 578. "Defaults are disfavored and disputes connected with a motion to vacate a default are resolved in favor of the movant so as to encourage a decision on the merits." *John v. Sotheby's, Inc.*, 141 F.R.D. at 35.

In deciding a motion to vacate a default, the court considers three factors: (1) whether the default was wilful; (2) whether the defaulted party has a meritorious defense; and (3) whether any prejudice will result to the nondefaulting party if relief is granted. *Heber v. United States of America*, 145 F.R.D. at 577, 578. "In considering whether to set aside a default, either pursuant

3

to Rule 55 (c) or Rule 60 (b), courts must consider whether: (1) the default was wilful; (2) defendant has a meritorious defense; and (3) any prejudice will result to the non-defaulting party if relief is granted..." *John v. Sotheby's, Inc.*, 141 F.R.D. at 35 (Internal quotations and citations omitted).

Applying this standard to the present case commands the denial of the defendant's motion to strike. As to the first element, the defendant does not allege that the plaintiff's late filing was a wilful act. The plaintiff gains no tactical advantage from this late filing. The parties' positions are not altered in the least by the late filing of the plaintiff's answer to the defendant's counterclaim. Nothing in the record even remotely suggests that the plaintiff was intentionally attempting to stall or delay the filing of his reply. *Heber v. United States of America*, 145 F.R.D. at 578. As to the second element, whether the defendant has a meritorious defense, the plaintiff has asserted three affirmative defenses, two of which are directed at the non-compete agreement the plaintiff was required to sign as a condition of his continued employment with the defendant, and a third defense that raises the specter of unlawful retaliation directed at the plaintiff because of his filing of an age discrimination claim. These defenses, on their face, are meritorious. They are recognizable defenses in claims of the sort raised by the defendant in its counterclaim.

The third element focuses on the prejudice, if any, that may result to the defendant by the vacating of the default. Vacating the default does not deprive the defendant of the relief it seeks; it only means it must prove its claims on the merits. *Heber v. United States of America*, 145

F.R.D. at 578. The defendant's claim that allowing the plaintiff to file its answer to its counterclaim in some way prejudices it is spurious. The defendant has known full well throughout the entire course of this litigation that the plaintiff denies the claims it has raised in its counterclaim. The plaintiff was thoroughly questioned at his deposition on these matters. The defendant did not forego the topics of its counterclaim when questioning the plaintiff at his deposition. Further, the defendant was completely aware that the plaintiff disputed its allegations when the plaintiff responded to the defendant's request for admissions on May 2, 2003. (A copy of the request for admissions and plaintiff's responses are attached hereto as Exhibit 1 and Exhibit 2, respectively).

Because the plaintiff satisfies the requirements for vacating a default, the plaintiff requests that the court deny the defendant's motion to strike, and accept the plaintiff's answer to the defendant's counterclaim as a proper pleading in this action.

<div style="text-align: right;">

THE PLAINTIFF – CHARLES KERN

BY _____
Thomas W. Bucci, for
WILLINGER, WILLINGER & BUCCI, P.C.
855 Main Street
Bridgeport, CT 06604
Tel: (203) 366-3939
Fax: (203) 337-4588
Fed. Bar #ct07805

</div>

## CERTIFICATION

I hereby certify that copies of the foregoing *Memorandum in Opposition to Defendant's Motion to Strike* have been sent, by First Class Mail, postage prepaid, on this 16th day of January 2004, to:

Brian D. Buckstein, Esq.
Fed. Bar # ct24543
Mark E. Zelek, Esq.
Fed. Bar # ct25203
MORGAN, LEWIS & BOCKIUS LLP
200 South Biscayne Boulevard
Miami, FL 33131-2339
Tel: (305) 415-3380
Fax: (305) 415-3001

Sarah Poston, Esq. for
ZELDES, NEEDLE & COOPER, P.C.
1000 Lafayette Blvd
P.O. Box 1740
Bridgeport, CT 06601-1740
Tel: (203) 333-9441
Fax: (203) 333-1489
Fed Bar # ct24543

Thomas W. Bucci



EXHIBIT 1

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CHARLES W. KERN,

    Plaintiff,

v.                              CIVIL CASE NO. 303-CV-0233-AVC

ENVIRONMENTAL DATA         April 11, 2003
RESOURCES, INC.

    Defendant.

## DEFENDANT'S FIRST REQUEST FOR ADMISSIONS TO PLAINTIFF CHARLES W. KERN

Defendant, Environmental Data Resources, Inc. ("EDR"), pursuant to Federal Rule of Civil Procedure 36, requests that Plaintiff Charles W. Kern ("Plaintiff") admit or deny the truth of the following statements:

1. Admit or deny that you have contacted Rick Pearce of Terracon, Inc. to solicit business.

2. Admit or deny that you have contacted Gary Sirota at Shaw Environmental & Infrastructure, Inc. to solicit business.

3. Admit or deny that "Environmental First Research" and "FirstSearch Technology Corp." are the same corporate entity.

4. Admit or Deny that Environmental First Research and FirstSearch Technology Corp. are engaged in the collection, development, packaging, and sale or licensing of historical, governmental, geographical, environmental, telecommunications data and information, and informational products or services relating to real estate and/or the telecommunication industry.

5. Admit or deny that since leaving EDR you have attempted to provide services to

1-MI/481425.1

companies that engage in the collection, development or sale of environmental data or information.

6. Admit or dent that while you were employed by EDR you submitted the same bill for reimbursement more than once.

7. Admit or deny that while you were employed by EDR you were reimbursed twice for expenses you only incurred once.

8. Admit or deny that since leaving EDR you have contacted EDR's customers.

9. Admit or deny that since leaving EDR you have formed a business called Environmental Reports, Inc.

10. Admit or deny that you have used or permitted the use of information concerning EDR or its customers of a confidential or proprietary nature without express permission from EDR after leaving EDR.

11. Admit or deny that throughout your employment with EDR you were employed in Florida.

Respectfully submitted,

Morgan, Lewis & Bockius LLP

By: _____
Brian D. Buckstein
Ct. Fed Bar No. ct24543
bbuckstein@morganlewis.com
5300 Wachovia Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131-2339
Telephone: 305.415.3303
Facsimile: 305.415.3001

Anthony R. Minchella, Esq.
Ct. Fed Bar No. ct24543
Zeldes, Needle & Cooper, P.C.
1000 Lafayette Blvd.
P.O. Box 1740
Bridgeport, CT 06601-1740
(203) 333-9441
Facsimile: (203) 333-1489

## CERTIFICATE OF SERVICE

I certify that the foregoing has been furnished to counsel for Plaintiff, Thomas W. Bucci, Esq., Willinger, Willinger & Bucci, P.C., 855 Main Street, Bridgeport, CT 06604 by U.S. mail this 11th day of April, 2003.

_____
Brian Buckstein

EXHIBIT 2

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| CHARLES W. KERN : | CIVIL CASE NO. |
|     Plaintiff : | 3:03-CV-0233 (AVC) |
| VS. : | |
| : | |
| ENVIRONMENTAL DATA : | |
| RESOURCES, INC., : | |
|     Defendant. : | MAY 2, 2003 |

### RESPONSES OF THE PLAINTIFF TO THE
### DEFENDANT'S REQUEST FOR ADMISSIONS

The plaintiff responds to the defendant's request for admissions, dated April 11, 2003, as follows:

1. Deny; the plaintiff's only contact with Rick Pearce was at a "brownfields conference". When the plaintiff originally met Rick Pearce he worked for a company called Law Eng. When the plaintiff met Rick Pearce at the conference, Mr. Pearce informed the plaintiff that he was now working for Terracon now and that he was a regional manager. The plaintiff did not solicit any business from Mr. Pearce.

2. Admit to the extent that in November of 2002 the plaintiff contacted Shaw Environmental (Gary Sirota) whom he had never met before. Shaw Environmental is located in Atlanta, Georgia.

3. The plaintiff is unable to admit or deny the truth of the requested admission.[1]

4. Admit.

5. Admit, to the extent that such activities have been limited to geographical areas outside the state of Florida.

6. Deny.

7. Deny to the extent that the mistaken reimbursement was withheld from a subsequent expense check paid to the plaintiff.

8. Admit to the extent that such activities did not occur within the state of Florida.

9. Admit.

10. Deny.

11. Deny.

          THE PLAINTIFF – CHARLES KERN

          BY_____
          Thomas W. Bucci, for
          WILLINGER, WILLINGER & BUCCI, P.C.
          855 Main Street
          Bridgeport, CT 06604
          Tel: (203) 366-3939
          Fax: (203) 337-4588
          Fed. Bar #ct07805

---

[1] The plaintiff mislabeled Environmental First Search as Environmental First Research in his complaint. The plaintiff responds to the admissions with the understanding that references to Environmental First Research are meant to be Environmental First Search.

## CERTIFICATION

I hereby certify that copies of the foregoing *RESPONSES OF THE PLAINTIFF TO DEFENDANT'S FIRST REQUEST FOR ADMISSIONS* have been sent, by First Class Mail, postage prepaid, on this 2nd day of May, 2003, to:

Brian D. Buckstein, Esquire
MORGAN, LEWIS & BOCKIUS LLP
200 South Biscayne Boulevard
Miami, FL 33131-2339
Tel: (305) 415-3380
Fax: (305) 415-3001
Fed. Bar # ct24543

Anthony R. Minchella, Esquire
ZELDES, NEEDLE & COOPER, P.C.
1000 Lafayette Blvd
P.O. Box 1740
Bridgeport, CT 06601-1740
Tel: (203) 333-9441
Fax: (203) 333-1489
Fed Bar # ct24543

_____
Thomas W. Bucci