UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CHARLES W. KERN,

    Plaintiff,

v.                                          CIVIL CASE NO. 303-CV-0233-AVC

ENVIRONMENTAL DATA
RESOURCES, INC.

    Defendant.

                                          FEBRUARY 6, 2004

**DEFENDANT'S REPLY MEMORANDUM IN FURTHER SUPPORT OF ITS MOTION TO STRIKE PLAINTIFF'S UNTIMELY ANSWER TO ITS COUNTERCLAIMS**

      Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure and Rule 7(d) of the Local Rules of this Court, Defendant Environmental Data Resources, Incorporated ("Defendant" or "EDR"), hereby submits its Reply Memorandum in Further Support of its Motion to Strike Plaintiff's egregiously late-filed Answer. In support of this Reply, EDR submits as follows:

      Plaintiff's late-filed Answer must be stricken as it was filed *after* the close of discovery in this case and *after* EDR filed its Motion for Summary Judgment premised on the fact that each of the allegations in its Counterclaims were not answered and, thus, deemed admitted. Plaintiff, in his Opposition, asks that the Court apply the standard for entry of default in deciding whether to grant EDR's Motion to Strike. This is not the appropriate standard to apply in this case, but, even if it were, Plaintiff's Answer must still be stricken.

      In his Opposition, Plaintiff relies heavily on a decision from the Southern District of New York: *John v. Sotheby's, Inc.*, 141 F.R.D. 29, 35 (1992). *Sotheby's*, however, is readily distinguishable. First, the conduct at issue in *Sotheby's* was far less egregious. In *Sotheby's*, the court was confronted with a two and one-half month delay in the filing of an answer *after* the

case had been put on a suspense docket for six months. *Id.* at 36. In *Sotheby's* discovery had not closed and summary judgment motions had not been filed. Here, critical procedural deadlines have come and gone without Plaintiff even intimating he would file an Answer to EDR's Counterclaims. Moreover, Plaintiff's Opposition makes no effort to justify his conduct. Rather, the lone theme gleaned from his Opposition is that his failure to submit a timely Answer was inadvertent. Such a cavalier attitude towards the Federal Rules of Civil Procedure should not be countenanced by this Court, and Plaintiff's untimely filed Answer should be stricken from the record.

The procedural facts in this case cannot be stated emphatically enough. **Plaintiff filed his Answer to Defendant's Counterclaims on December 22, 2003 (Docket No. 22), 243 days late**, **after the close of discovery and after Defendant had filed a motion for summary judgment**. (Docket No. 19). Defendant has asked that this Court strike the Answer because it would suffer grave consequences were Plaintiff's conduct ratified by this Court.

Plaintiff claims that he gained no tactical advantage by his grossly late filing. However, Plaintiff's claim is disingenuous. There can be no dispute that Defendant would suffer a profound disadvantage were the late-filed Answer accepted by this Court. Indeed, Defendant has already filed a costly and time-consuming motion for summary judgment based on the record **as it stood when discovery closed on November 1, 2003**. Specifically, EDR filed its motion for summary judgment after discovery closed and without an answer to Defendant's counterclaims. Accordingly, all the allegations in the counterclaims were deemed admitted under the Federal Rules of Civil Procedure.

Plaintiff suggests to the Court that it must treat EDR's request as a motion to enter default under Rule 55 of the Federal Rules of Civil Procedure and examine the following factors in

determining whether default is appropriate: (1) whether the default was willful; (2) whether the defaulted party has a meritorious defense; and (3) whether any prejudice will result to the non-defaulting party if relief is granted. Docket No. 24 at 3; *see also Sotheby's*, 141 F.R.D. at 35. EDR disagrees with Plaintiff's contention. However, even assuming Plaintiff's contention is correct, EDR submits that the unequivocal and profound prejudice it would suffer as a result of Plaintiff's untimely Answer necessitates that it be stricken from the record.

Finally, it is imperative for the Court to note that EDR would suffer irreparable prejudice were the Answer accepted. Indeed, how could the prejudice be cured if Plaintiff's untimely Answer and Defenses were deemed acceptable given the fact that discovery has already closed and EDR has already filed its summary judgment brief based on its legitimate position that all the allegations in the Counterclaims were deemed admitted. The answer is such prejudice could not be cured. Plaintiff's effort to describe his conduct to the Court as inconsequential is patently untrue and EDR respectfully requests that his grossly late-filed Answer be stricken from the record.

## **CONCLUSION**

For all the foregoing reasons, Defendant respectfully requests that this Court enter an order striking Plaintiff's Answer to Defendant's Counterclaims from the record in this case.

DATED this 6th day of February, 2004

                Respectfully submitted,

                Morgan, Lewis & Bockius LLP

By: _____
     Mark E. Zelek
      Ct. Fed Bar No. ct25203
      *mzelek@morganlewis.com*
     Brian D. Buckstein
      Ct. Fed Bar No. ct24543
      *bbuckstein@morganlewis.com*
     5300 Wachovia Financial Center
     200 South Biscayne Boulevard
     Miami, Florida  33131-2339
     Telephone:    305.415.3303
     Facsimile:    305.415.3001

     Sarah W. Poston, Esq.
      Ct. Fed Bar No. ct19702
     Zeldes, Needle & Cooper, P.C.
     1000 Lafayette Blvd.
     P.O. Box 1740
     Bridgeport, CT  06601-1740
     Telephone: (203) 333-9441
     Facsimile: (203) 333-1489

CASE NO. 3:03-CV-0233-AVC

5

## CERTIFICATE OF SERVICE

I certify that the foregoing has been furnished to counsel for Plaintiff, Thomas W. Bucci, Esq., Willinger, Willinger & Bucci, P.C., 855 Main Street, Bridgeport, CT 06604 by U.S. mail this 6th day of February, 2004.

_____

Sarah W. Poston