UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CHARLES W. KERN, | : | CIVIL CASE NO. |
|     Plaintiff, | : | 3:03cv0233(AVC) |
| VS. | : | |
| | : | |
| ENVIRONMENTAL DATA | : | |
| RESOURCES, INC., | : | |
|     Defendant. | : | FEBRUARY 17, 2004 |

## PLAINTIFF'S SUR-REPLY

    The plaintiff finds it imperative to respond to the distortions and the derisive commentary permeating the defendant's Reply Memorandum.  Throughout its brief the defendant employs a demeaning and belittling posture, foregoing a professional discussion of the plaintiff's claims.  The defendant uses a twisted version of the plaintiff's assertions in its attempt to respond to the plaintiff's charges.  In its first footnote, the defendant gratuitously opines, "Plaintiff made no effort to depose Mr. Barber, not to propound interrogatories, and not to serve document requests."  There is simply no relevance to this assertion in determining whether the court should enter summary judgment.  The plaintiff had in his possession at the start of this litigation a voluminous amount of the defendant's records concerning his employment, which refuted the spurious allegation lodged against him by the defendant that he had committed fraud, and at the

same time proved he was the victim of unlawful age discrimination.[1] The documents submitted by the plaintiff in his opposition papers are admissible and fully support the plaintiff's contention that the defendant is not entitled to summary judgment. In fact, the record is far from being uncontroverted, as the defendant, in its blind zeal, asserts[2]. The defendant fails to explain how the record is undisputed. It cannot point to any document, even those that it submitted to support its baseless charges of fraudulent behavior, which detail fraudulent conduct on the plaintiff's part.

Further, the defendant distorts the plaintiff's claim that the defendant employed inconsistent reasons for terminating the plaintiff's employment before the EEOC and to the Florida Unemployment Compensation Commission. As noted in the plaintiff's opposing memorandum, the rendition of inconsistent reasons for an employee's firing has been found on numerous occasions to be probative on the issue of pretext. The defendant pretends not to comprehend the distinction between not having to assert a reason for the termination of an employee and providing widely varying reasons for the firing. Even though the defendant may not have been under any obligation to provide the plaintiff with a reason for his firing, however, when it did, it became subject to scrutiny. The defendant not only provided the plaintiff with reasons that were inconsistent with the position it now has adopted in this litigation, it, likewise,

---

[1] It is interesting to note that the defendant, in its reply memorandum, backs away from any mention of "widespread fraud" on the plaintiff's part. Instead, it now employs the phrase "uncovered numerous expense reimbursement practices that he found inappropriate...", which is a far cry from the widespread fraud initially employed by the defendant as the reason for the plaintiff's termination. There can be but one plausible reason for the change; the defendant was untruthful when it first charged the plaintiff with fraud.

[2] See fn.1 to defendant's reply memorandum.

provided markedly contradictory claims to the EEOC and the Unemployment Compensation Commissioner of Florida. Further, as to the defendant's claim that the plaintiff failed to produce evidence regarding discriminatory animus, the defendant well knows that the plaintiff is not required to produce direct evidence of discriminatory intent; the mendacity of the defendant, truly visible in this case, along with the plaintiff's prima facie case[3], will suffice to prove discrimination.

With regard to its inane observation that the defendant identified documents that Mr. Barber relied upon in making his decision to discharge Plaintiff, and that the plaintiff failed to request the documents (Page 3, fn. 1), the defendant blatantly misrepresents the circumstances surrounding its disclosure. The date of the disclosure was October 17, 2003. It came after the plaintiff had been deposed on October 8, 2003. During the course of the deposition, it became apparent that the defendant had failed to disclose certain information in its initial disclosures. It was only after plaintiff's counsel inquired as to whether the defendant had made the proper disclosure did the defendant make its belated disclosure. More importantly, the plaintiff came into possession of the documents for which the defendant criticizes the plaintiff for never requesting ("Plaintiff never requested these documents") at the deposition on October 8, 2003.

---

[3] It should also be noted that the defendant makes no attempt to claim that the plaintiff failed to make out a prima facie case of age discrimination. Instead, it asserts that when the plaintiff was hired he was 40 years of age. This factor is irrelevant in refuting the plaintiff's claim of age of discrimination. The plaintiff was 48 years of age when he was fired and he was replaced by significantly younger individuals. Contrary to the defendant's assertion, the plaintiff does point to action, his firing.

There was no reason to request the same documents a second time[4]. The defendant's comment with regard to the plaintiff's failure to request the documents it had already provided the plaintiff during the course of the plaintiff's deposition is an egregious distortion and lacks any relevance to the issues at hand.

Similarly, the defendant's assertion that the plaintiff offered no evidence to substantiate the plaintiff's contention that the defendant fabricated its business decision is a complete misstatement on the defendant's part. The defendant deceptively casts its argument in terms of the plaintiff not being able to refute that the defendant conducted an investigation. Regardless of whether Mr. Barber did or did not review the plaintiff's expense reports, the reports, themselves, refute the defendant's claim of widespread fraudulent activity on the plaintiff's part. The plaintiff fully rebutted the alleged basis for his firing, widespread fraudulent behavior, with *admissible evidence,* the defendant's own records. These records simply do not support the defendant's contention that the plaintiff committed fraud on numerous occasions. Instead, the records act as a window within which to view the defendant's discriminatory behavior.

Additionally, the defendant completely mischaracterizes the reason the plaintiff puts his superior work record into play. The defendant fallaciously contends, "Plaintiff claims that EDR's reason for his discharge is a pretext for discrimination because his work quality and productivity was 'superior'. The defendant argues that this is a red herring because "the Plaintiff was not terminated because the quality of his work or sales productivity". The defendant should

---

[4] Each document identified by the defendant was introduced as an exhibit during the plaintiff's deposition.

be aware, or should educate itself, of the requirement that to prove a prima facie case of age discrimination under a McDonnell Douglas analysis, the plaintiff needs to establish that he was qualified for the position from which he was fired. The evidence of the plaintiff's work performance clearly establishes this particular element of his prima facie case. Further, it establishes the defendant's deceit in justifying the plaintiff's termination. The defendant fails to mention that in responding to the EEOC, the defendant denigrated the plaintiff's job performance, untruthfully stating that the plaintiff's work performance was "adequate at best". Assuredly, the lies propounded by the defendant to the EEOC are probative on the issue of the defendant's pretext, and, as such, on the overall issue of discrimination.

Lastly, the deceitful nature of the defendant's assertion that the "Plaintiff has failed to offer any evidence to support his breach of contract claim" is revealed by the defendant's statement of undisputed fact that it did in fact send the plaintiff a check for what it considered to be the amount of vacation, holiday, and sick time the plaintiff was owing. The defendant compensated the plaintiff for "seven accrued and unused vacation/holidays", because "[w]hen Mr. Kern was discharged on July 11, 2002, he had accrued 58% of his vacation/holiday time, or 11 days, and had used four days. (Exhibit 101 - Letter from Buckstein to Bucci). However, the plaintiff was entitled to pay for his entire vacation and floating holidays, nineteen days. Kern Tr. 96-99. Pursuant to the policy of the defendant, vacation and floating holidays accrued in full on the first day of January of each year. (Kern Tr. 96-99). The plaintiff's testimony, along with defendant's counsel's letter to plaintiff's counsel, regarding the policy of the defendant based on his eight

years of employment is more than sufficient, if accepted by a jury, to prove the plaintiff's contract claim.

In the same way, the defendant completely misgauges the plaintiff's retaliation claim. The plaintiff is not in the least inconsistent in his argument. The defendant never raised any claim of fraudulent activity against the plaintiff until the plaintiff had filed a complaint with the EEOC. The defendant is at a loss to cite one instance where the defendant propounded such a charge. Instead, it unconvincingly claims that the defendant threatened to enforce a non-compete agreement. An allegation that the plaintiff violated the terms of a non-compete agreement is a far cry from being charged with and sued for widespread fraudulent activity. In the most simplest of terms, the defendant never claimed that the plaintiff had conducted himself in a fraudulent way until the plaintiff commenced proceedings before the EEOC. The defendant relies on derision instead of hard facts to rebut the plaintiff's retaliation claim.

The plaintiff is compelled by the distortions crafted by the defendant in its reply memorandum to submit this sur-reply. It is difficult to comprehend the reason behind the irrelevant emphasis the defendant places on the plaintiff's discovery efforts. It cannot truly believe that it would detract the Court from the real issues involved in the determination of a motion for summary judgment. The standards are quite clear, the plaintiff must prove a prima facie case, and, if successful, must refute defendant's legitimate non-discriminatory reasons, and finally prove discrimination. The McDonnell Douglas framework has been the benchmark in analyzing a claim of disparate treatment. The evidence relied on the plaintiff is admissible for

establishing his prima facie case, to prove pretext, and to establish age discrimination. The defendant fails to point to any of the evidence the plaintiff submitted in his opposition to the defendant's motion for summary judgment that would not be admissible at trial. It relies on its overblown statements, which have no basis in fact or law.

    In the event that the Court does not accept the plaintiff's sur-reply into the record, the plaintiff moves, in the alternative, for an order of the Court striking the defendant's reply memorandum on the basis that it is substantially irrelevant to a discussion of the issues before the Court on the motion for summary judgment.

                      THE PLAINTIFF – CHARLES KERN

                      BY_____
                      Thomas W. Bucci, for
                      WILLINGER, WILLINGER & BUCCI, P.C.
                      855 Main Street
                      Bridgeport, CT  06604
                      Tel: (203) 366-3939
                      Fax: (203) 337-4588
                      Fed. Bar #ct07805
                      Email:thomasbucci@earthlink.net

## **CERTIFICATION**

  I hereby certify that copies of the foregoing *Su - Reply* have been sent, by First Class Mail, postage prepaid, on this 17th day of February, 2004, to:

Brian D. Buckstein, Esq.
Fed. Bar #ct24543
Mark E. Zelek, Esq.
Fed. Bar #25202
MORGAN, LEWIS & BOCKIUS LLP
200 South Biscayne Boulevard
Miami, FL 33131-2339
Tel: (305) 415-3380
Fax: (305) 415-3001

Sarah Poston, Esq. For
Fed. Bar #17902
ZELDES, NEEDLE & COOPER, P.C.
1000 Lafayette Blvd
P.O. Box 1740
Bridgeport, CT 06601-1740
Tel: (203) 333-9441

                _____
                Thomas W. Bucci