UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------X
CHARLES W. KERN,                              :
                                              :
            Plaintiff,                        :
                                              :   3:03 CV 0233 (AVC)
    -against-                                 :
                                              :
ENVIRONMENTAL DATA                            :
RESOURCES, INC.                               :
                                              :
            Defendant.                        :   August 30, 2004
------------------------------------------------------X

**DEFENDANT'S MOTION FOR PARTIAL RECONSIDERATION OF THE
COURT'S AUGUST 13, 2004, RULING ON DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT (ONLY AS TO COUNTS FOUR AND SIX)**

Pursuant to Rule 7(c), Local Rules of the United States District Court for the District of Connecticut, Defendant Environmental Data Resources, Incorporated ("Defendant" or "EDR"), respectfully moves for partial reconsideration of the Court's August 13, 2004, Ruling on Defendant's Motion for Summary Judgment ("Order" or "Ruling") (Dkt. # 39). Specifically, EDR moves for reconsideration of the Court's Ruling denying summary judgment as to Plaintiff's Fourth and Sixth Causes of Action. EDR submits that Plaintiff has failed to satisfy his burden of producing admissible evidence to warrant a trial on either of those claims.

**MEMORANDUM OF LAW**

On August 13, 2004, the Court entered an Order granting in part and denying in part EDR's request for case-dispositive summary judgment. (Dkt. # 39). The Court denied EDR's motion for summary judgment as to: (1) Plaintiff's breach of contract claim (Count IV); and (2) Plaintiff's claim for retaliation under the Age Discrimination in Employment Act, 29 U.S.C. §

626 *et seq.* (Count VI).[1]  EDR respectfully submits that reconsideration is required, and summary judgment should be granted, because Plaintiff has failed to proffer *any* admissible evidence to warrant a trial on these two claims.  Indeed, the only admissible evidence in the record establishes that Plaintiff cannot substantiate his conclusory and unsubstantiated claims for retaliation and breach of contract.

A.  **Plaintiff's ADEA Retaliation Claim Should Be Dismissed Because He Has Failed To Offer Any Admissible Evidence To Establish That EDR's Proffered Reason For Its Counterclaims Is A Pretext And The Real Reason Is Retaliation**

Plaintiff claims that EDR asserted counterclaims against him in retaliation for his exercising his rights under the ADEA.  The Court denied EDR's Motion for Summary Judgment finding that there was a question of fact as to whether EDR's proffered non-retaliatory reason was a pretext for retaliation.  EDR respectfully requests reconsideration as the record establishes that Plaintiff has not proffered *any* admissible evidence to support such a finding.

There is no dispute that this Court found that EDR " . . . satisfied its burden of articulating a non-retaliatory reason for its counterclaim; . . . "[2]  (Order at p. 30).  Therefore, the only issue EDR requests reconsideration on is the implicit conclusion that Plaintiff proffered admissible evidence sufficient to warrant a trial on whether EDR's proffered reason was pretextual.  EDR submits that Plaintiff has failed to produce *any* admissible evidence to establish that its counterclaims were filed for pretextual reasons.  Indeed, the Court recognized this when

---

[1]   In its Order, the Court granted EDR's motion for summary judgment as to: (1) Plaintiff's claim for wages under the Connecticut Wage Payment Statute; (2) Plaintiff's claim alleging Tortious Interference with a Business Opportunity; and (3) Plaintiff's claim alleging Age Discrimination under the ADEA.  The Court denied EDR's motion for summary judgment as to: (1) Plaintiff's claim alleging that EDR's non-competition agreement is unenforceable; (2) Plaintiff's claim for breach of contract for payment of wages; and (3) Plaintiff's claim for Retaliation under the ADEA.  See Dkt. # 39.  EDR is not requesting reconsideration of the Court's ruling concerning its non-competition agreement.  See Order at 12-15.

[2]   Significantly, the Court also found that EDR's articulated reasons for Kern's discharge, that is, that he was terminated "because he was involved with fraudulent activities with regard to his expense reimbursement reports[,][]" "satisfied its burden to articulate a legitimate, non-discriminatory rationale for Kern's discharge."  (Order at p. 20-21)

it stated in its Order that "Kern states in a conclusory fashion that all the counterclaims were to punish him . . . " (Order at p. 32). Nowhere in Plaintiff's Opposition to Summary Judgment did he offer *any* admissible evidence to warrant a trial on his retaliation claim. (*See* Dkt. ## 25 and 38). Indeed, Plaintiff cannot point to *any* admissible evidence in the record to support his unsubstantiated hypothesis. Plaintiff's conclusory allegations are simply not enough to defeat EDR's properly supported motion for summary judgment. See Ward v. Murphy, No. CIV.3:01CV01908(AVC), 2004 WL 1837076, *9 (D.Conn. Aug. 16, 2004) (citing Kia P. v. McIntyre, 235 F.3d 749, 763 (2d Cir. 2000) for the proposition that "[a] plaintiff may not survive a properly asserted motion for summary judgment on the basis of conclusory allegations alone."); Davis v. New York, 316 F.3d 93, 100 (2d Cir. 2002) (noting that "reliance upon conclusory statements or mere allegations is not sufficient to defeat a summary judgment motion."); Atterberry v. Ikon Office Solutions, Inc., No. Civ. 302CV1490PCD, 2003 WL 22937719, *8 (D. Conn. Dec. 10, 2003) (citing Second Circuit authority for the proposition that conclusory allegations of forbidden motive are insufficient to show employer's legitimate reasons are pretext and to prevent summary judgment).

Furthermore, Plaintiff failed to offer *any* admissible evidence to establish a requisite element of any retaliation claim premised on an employer's assertion of a counterclaim. Specifically "[f]or a counterclaim to be actionable as retaliatory, . . ., it must, . . ., have some impact on [the] plaintiff's employment or prospective employment." Kreinik v. Showbran Photo, Inc., No. 02Civ.1172(RMB)(DF), 2003 WL 22339268, *7 (S.D.N.Y. Oct. 14, 2003)(citing Ginsberg v. Valhalla Anesthesia Assoc., 971 F.Supp. 144, 148-49 (S.D.N.Y. 1997)). Here, however, Plaintiff has not alleged let alone established that EDR's counterclaims had any impact on his employment with EDR or some prospective employer. In fact, Plaintiff testified

that *not even he was aware* that EDR had asserted counterclaims against him.  See Ptf.'s Dep. Tr. 139-140:

> Q. Are you claiming that EDR retaliated against you by filing counterclaims?
>
> A. Yes.
>
> Q. Okay.  And what are those counterclaims, if you could tell me?  What is the factual basis for those counterclaims?
>
> A. Well, there is no counter --.  They spoke of counterclaims in the separation agreement.
>
> Q. Just so we are clear, EDR has filed numerous counterclaims against you –
>
> A. Okay.
>
> Q. -- seeking compensatory and punitive damages.  Okay.
>
> A. Okay.  I didn't know that.

See Ptf.'s Dep. Tr. 140.

Plaintiff has failed to offer *any* evidence showing that EDR's counterclaims (filed *after* he was discharged for legitimate non-discriminatory reasons) impacted any prospective employment opportunity.  In fact, Plaintiff testified he had a hard time finding a job after his discharge from EDR because it was a "[p]retty tough market out there."  (Ptf.'s Dep. Tr. 102).

Based on the record in this case, EDR submits that Plaintiff has not proffered *any* admissible evidence to warrant a trial on his ADEA retaliation claim.

**B.    Plaintiff Has Failed To Offer Any Admissible Evidence
To Warrant A Trial On His Breach of Contract Claim**

Plaintiff's Fourth Cause of Action asserts a claim for breach of contract for the payment of wages under Section 448.08 of the Florida Statutes.  Plaintiff, however, has failed to offer *any* admissible evidence to warrant a trial on this claim.  Conversely, EDR has put forth unrebutted evidence that Plaintiff received all that he was entitled to under the governing agreement.  See

Summary Judgment Appendix, Tab 1, ¶ 22.

EDR submits that two undisputed points necessitate dismissal of Plaintiff's breach of contract claim. First, the agreement itself is clear and unambiguous and does not provide for payment for the vacation, holiday, and sick pay Plaintiff now seeks. <u>See</u> Summary Judgment Appendix Tab 6. Second, Plaintiff (seemingly recognizing that the agreement speaks for itself and precludes his claim) asserts there is some amorphous and unsubstantiated "policy" or "practice" of making these payments. Plaintiff, however, offers *no* admissible evidence to substantiate his claim or to warrant a trial on this claim. <u>See</u> Dkt. Plaintiff's conclusory and unsubstantiated assertions do not warrant a trial on this claim. <u>See</u>, <u>e.g.</u>, <u>Weston Chemical, Inc. v. Diamond Fertiliser & Chemical Corp.</u>, CIV. No. B-87-537 (WWE), 1990 WL 128235, *8 n. 1 (D. Conn. July 2, 1990) (finding that plaintiffs could not create a triable issue of fact by simply making unsupported, conclusory allegations).

The mere fact that Plaintiff contends that "factual disputes predominate" does not make it so. Indeed, there is not one admissible fact in the record to support Plaintiff's contract claim and, therefore, this claim should be dismissed on summary judgment.

## CONCLUSION

Plaintiff has not put forth *any* admissible evidence to warrant a trial on his breach of contract or retaliation claims. Accordingly, to prevent manifest injustice against Defendant in having to litigate these unsubstantiated claims at trial, EDR respectfully requests that the Court reconsider its Order denying summary judgment on Plaintiff's Fourth and Sixth Cause of Action, and on the basis of the arguments made herein and the entire record of this case, enter summary judgment for Defendant on those claims.

CASE NO. 303-CV-0233-AVC

DATED this 30th day of August, 2004.

        Respectfully submitted,

        Morgan, Lewis & Bockius LLP


   By:  _____
      Mark E. Zelek
      Ct. Fed Bar No. ct25203
      Brian D. Buckstein
      Ct. Fed Bar No. ct24543
      bbuckstein@morganlewis.com
      5300 Wachovia Financial Center
      200 South Biscayne Boulevard
      Miami, Florida 33131-2339
      Telephone: 305.415.3303
      Facsimile: 305.415.3001

      Sarah Poston, Esq.
      Ct. Fed Bar No. ct19702
      Marcy Tench Stovall
      Ct. Fed. Bar. No. ct 14238
      Zeldes, Needle & Cooper, P.C.
      1000 Lafayette Blvd.
      P.O. Box 1740
      Bridgeport, CT 06601-1740
      Telephone: (203) 333-9441
      Facsimile: (203) 333-1489

CASE NO. 303-CV-0233-AVC

## **CERTIFICATE OF SERVICE**

I certify that the foregoing has been furnished to counsel for Plaintiff, Thomas W. Bucci, Esq., Willinger, Willinger & Bucci, P.C., 855 Main Street, Bridgeport, CT 06604 by U.S. mail this 30th day of August, 2004.

_____
Mary Tench Stovall