UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CHARLES W. KERN, | : | CIVIL CASE NO. |
|     Plaintiff, | : | 3:03cv0233(AVC) |
| VS. | : | |
| | : | |
| ENVIRONMENTAL DATA | : | |
| RESOURCES, INC., | : | |
|     Defendant. | : | SEPTEMBER 1, 2004 |

## PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR PARTIAL RECONSIDERATION OF THE COURT'S AUGUST 13, 2004 RULING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

I.   *Retaliation*

As the Court concluded in its ruling on the defendant's motion for summary judgment, the plaintiff established a prima facie case of retaliation in violation of the ADEA. Contrary to the defendant's assertion, the plaintiff has submitted sufficient evidence for a trier of fact to determine that a retaliatory motive spurred the defendant into filing its counterclaims against the plaintiff. It was immediately after the plaintiff filed this lawsuit that the defendant asserted its spurious causes of action against the plaintiff. The defendant had never threatened to sue the plaintiff for unjust enrichment, fraud, conversion, tortious interference with business relations and tortious interference with contract until the plaintiff commenced the present litigation.

Additionally, as discussed by the plaintiff in its original opposition memorandum, a review of the assertions contained in the counterclaim reveals their frivolous character. "A plaintiff may prove that retaliation was a 'substantial' or 'motivating' factor behind an adverse employment action either (1) indirectly, by showing that the protected activity was followed closely by discriminatory treatment, or through other circumstantial evidence such as disparate treatment of fellow employees who engaged in similar conduct; or (2) directly, through evidence of retaliatory animus directed against the plaintiff by defendant... Under some circumstances, retaliatory intent may also be shown, in conjunction with the plaintiff's prima facie case, by sufficient proof to rebut the employer's proffered reason for the termination." *Raniola v. Bratton*, 243 F.3d 610, 625 (2d Cir. 2001)(Internal quotations and citations omitted).

The proof establishing the plaintiff's prima facie case, together with the evidence regarding the baseless allegations advanced by the defendant in support of its causes of action is sufficient to allow a trier of fact to find for the plaintiff on his retaliation claim. The defendant has no basis to charge the plaintiff with fraud. The mistaken submission of two phone bills for reimbursement, one bill on two occasions, and the other on three occasions, both bills totaling $62.17 just does not support a claim of fraud. The defendant's accounting department reaction to the errors, labeling them as oversights, further demonstrates defendant's pretext. As to the plaintiff's request for meal reimbursements, the plaintiff did nothing that could be considered

2

fraudulent; he submitted accurate records of the meals, the reimbursements he received all had the prior approval of his supervisor and the defendant's accounting department.

The spurious nature of the fraud claim carries over to the defendant's allegations regarding conversion, tortious interference with business relations and tortious interference with contract. The causes of action were instituted to punish the plaintiff for suing the defendant for age discrimination. As such, summary judgment is inappropriate on the plaintiff's retaliation claim. See *Quinn v. Green Tree Credit Corp.*, 159 F.3d 759, 770 (2d Cir. 1998).

II.    *Breach of Contract*

Not unexpectedly, the defendant overlooks overt recognition of its policy to pay accrued vacation, holiday and sick pay. In a letter sent by Attorney Buckstein, on behalf of the defendant, to Attorney Bucci, Attorney Buckstein forwarded a check in the amount of $902.31, "representing Mr. Kern's accrued and unused vacation pay". *Exhibit 101*. Obviously, if it was not the company policy to pay the accrued and unused vacation pay, then this payment would not have been made. It did not pay the plaintiff his four floating holidays, because it claimed that the plaintiff had already used them. Nevertheless, the defendant clearly recognized its obligation to pay for accrued holidays in the March 6, 2003 letter. *Exhibit 101*.

In view of the defendant's recognition of its policy to pay accrued vacation and holiday pay, it is clear that factual disputes predominate the plaintiff's claim for breach of contract. When the

plaintiff was fired, the defendant did not pay him the vacation and sick pay that he had accrued and to which he was entitled on employment separation. When the plaintiff requested payment from the defendant, Barber made payment conditional on the plaintiff signing a separation agreement in which he would release the defendant from all claims. *(Discovery Response Exhibit 44 and Exhibit 47).* It was only after the plaintiff initiated this action did the defendant make any attempt to pay the plaintiff the monies owed to him. The monies were sent to the plaintiff on February 24, 2003, over seven months after the plaintiff was fired. The amount sent to the plaintiff was $902.31, much less than that owed the plaintiff. The defendant compensated the plaintiff for "seven accrued and unused vacation/holidays", because "[w]hen Mr. Kern was discharged on July 11, 2002, he had accrued 58% of his vacation/holiday time, or 11 days, and had used four days. *(Exhibit 101 - Letter from Buckstein to Bucci).* However, the plaintiff was entitled to pay for his entire vacation and floating holidays, nineteen days. Kern Tr. 96-99. Pursuant to the policy of the defendant, vacation and floating holidays accrued in full on the first day of January of each year. *(Kern Tr. 96-99).* The plaintiff at the time of his termination had not used any vacation days.

In opposition to the defendant's claim, there is more than ample admissible facts, including the plaintiff's testimony, that support the plaintiff's claim that he was entitled to payment of his accrued vacation, holiday and sick time when his employment was terminated. Further, the

plaintiff's testimony regarding the accrual of vacation, holiday and sick time on first day of the calendar year is admissible evidence to support the amount of money to which he is entitled for the accrued vacation, holiday and sick time.