UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CHARLES W. KERN,

      Plaintiff,

v.                                          CIVIL CASE NO. 303-CV-0233-AVC

ENVIRONMENTAL DATA
RESOURCES, INC.                      OCTOBER 1, 2004

      Defendant.

_____/

## JOINT PROPOSED JURY INSTRUCTIONS

I.    Plaintiff's Claims:

## ADEA RETALIATION CLAIM[1]

Mr. Kern alleges that EDR retaliated, that is, took revenge against him by filing counterclaims against him in this action because he filed a Charge with the EEOC alleging that EDR was discriminating against him because of his age.

You are instructed that the ADEA prohibits employers from taking any retaliatory action against an employee because the employee files a charge with the EEOC. So, even if a complaint of discrimination against an employer is later found to be invalid or without merit, the

---

[1]    The parties are in dispute with regards to proposed jury instructions for damages under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.* The parties intend to submit to the Court, no later than October 8, 2004, individual proposed instructions for the Court's consideration.

employee cannot be penalized in retaliation for having made such a complaint if you find that the employee made the complaint as a means of seeking to enforce what the employee believed in good faith to be his lawful rights.  To establish "good faith," however, it is insufficient for the Plaintiff to merely allege that his belief in this regard was honest and *bona fide*; the allegations and the record must also establish that the belief, though perhaps mistaken, was objectively reasonable.

In order to establish the claim of unlawful retaliation under the ADEA, therefore, Mr. Kern must prove by a preponderance of the evidence:

<u>First</u>:          That he filed a Charge with the EEOC;

<u>Second</u>:      That an adverse employment action subsequently occurred;

<u>Third</u>:       That the adverse employment action was causally related to the Charge he filed with the EEOC; and

<u>Fourth</u>:      That he suffered damages as a proximate or legal result of such adverse employment action.

For an adverse employment action to be "causally related" to Mr. Kern's filing a Charge with the EEOC, it must be shown that, but for his Charge, the adverse employment action would not have occurred.  Or, stated another way, it must be shown that the Charge filed by Mr. Kern was a substantial, motivating cause that made a difference in EDR's actions.

You should be mindful however, that the law applicable to this case requires only that an employer not retaliate against an employee because the employee has engaged in statutorily protected activity.  So far as you are concerned in this case, an employer may affect an employee for any other reason, good or bad, fair or unfair, and you must not second guess that decision or permit any sympathy for the employee to lead you to substitute your own judgment for that of EDR's even though you personally may not approve of the action taken and would have acted differently under the circumstances.

## UNPAID WAGES CLAIM

Under Florida law an employee who has not been paid wages by his employer is entitled to bring an action to recover his unpaid wages.  Plaintiff claims that Defendant has failed to pay him for accrued but unused vacation and sick time **[as well as commissions to which he was entitled]**.[2/] [3] Defendant claims that it has paid Plaintiff for all vacation and sick time **[and**

---

[2/]     Plaintiff contends for the first time in these jury instructions that he also entitled to "commissions." Plaintiff, however, failed to properly raise this claim in his Complaint, Amended Complaint, or in opposition to summary judgment.  *See* Dkt. Nos. 1, 17, 25-26, 38.  EDR would be severely prejudiced were plaintiffs able to first assert this claim after the discovery and dispositive motions deadlines.  Accordingly, Plaintiff should not be able to seek "commissions" at trial or reference commissions in the jury instructions.

[3]     Plaintiff denies that this is the first time it has raised the claim for unpaid commissions.  In response to the defendant's interrogatory #4 , the plaintiff replied, "[t]he plaintiff seeks damages for the defendant's breach of its contract to pay the plaintiff wages and benefits he earned from his employment with the defendant in the amount of $17,260.00.  The plaintiff seeks attorney fees based on an hourly rate of $275.00.  At this time the amount of attorney fees remains a variable.  Florida law provides for the payment of attorney fees where the plaintiff successfully pursues a claim for wages which the employer wrongfully failed to pay." Additionally, when the defendant requested particulars of his mirror claim under Connecticut General Statutes, the plaintiff replied in Interrogatory # 5, [t]he plaintiff claims that the defendant failed to pay the plaintiff the following items in violation of the Connecticut General Statutes § 31 – 71(c ) and § 31 –71 (k):

**commissions]** for which he is entitled.  Plaintiff asserts that the Defendant had a policy that provided that all holiday and vacation time accrued on the *first* day of the year and that it paid employees for such accrued and unused vacation and sick time upon the employees' termination. Defendant denies that it has such a policy.

  To find for Plaintiff on his claim that the defendant failed to pay him as accrued and unused vacation and sick pay, you must first determine whether the Defendant had a policy of allowing all vacation and sick time to accrue on the first day of the year and to pay its employees for accrued and unused vacation and sick time upon the employees' termination.  If you do not find that the Defendant had such a policy, then you must find for the Defendant.  However, if you find that the Defendant had such a policy, then you must determine if the Defendant paid the Plaintiff the full amount of his accrued and unused vacation and holiday time upon his termination.  If you find that the Defendant had such a policy and did not pay Plaintiff his accrued but unused vacation and holiday pay, then you must enter judgment for Plaintiff on his breach of contract claim.

---

(1)Commissions for August of 2002 in the amount of $2,910.00; (2) Vacation Pay in the amount of $5,806.93; (3) Floating Holiday Pay in the amount of $3,871.30; (4) Sick Day Pay Reimbursement in the amount of $1,935.65; and (5) Commissions for the Maricopa Project in the amount of $2,736.69."  The defendant never requested the particulars of the plaintiff's claim contained in his fourth cause of action that "[a]fter terminating the plaintiff's employment, the defendant failed to pay the plaintiff the compensation to which the plaintiff was legally entitled pursuant to the terms and conditions of his employment with the defendant".

**[Additionally, to find for the plaintiff on his claims that at the time of his termination he was entitled to payment of earned commissions, you must determine whether the plaintiff had earned the commissions to which he claims to be entitled and that the defendant did not pay him such commission.]**

Please indicate who the prevailing party is on this claim.

II.     <u>Defendant's Counterclaims:</u>

In your deliberations, besides considering the claims that Mr. Kern has brought against Environmental Data Resources, which I will refer to from now on as "EDR," you must also consider the six (6) claims that EDR has brought against Mr. Kern for 1) unjust enrichment, 2) fraud, 3) conversion, 4) breach of contract, 5) tortious interference with business relations and expectations, and 6) tortious interference with contracts.

EDR alleges that it filed these counterclaims against Mr. Kern because he became an agent of EDR's direct competitor and solicited business from customers and clients of EDR, which EDR claims to have been in violation of Mr. Kern's non-competition agreements. Environmental Data also alleges that Mr. Kern submitted expenses for reimbursement to the company that he was not entitled to either because he had already been paid for the expense or because the request was improper in that it was not for a business related expenditure.

## COUNT I - UNJUST ENRICHMENT

The first issue for your determination is EDR's claim for unjust enrichment. EDR claims that Mr. Kern was unjustly enriched when he requested and received reimbursements for expenses that he either had already been paid for, or for expenses for which he was not entitled to be reimbursed by the company. Environmental Date Resources must prove by a preponderance of the evidence that: (1) the company conferred a benefit on Mr. Kern (money is a benefit), who had knowledge of the benefit, (2) Mr. Kern accepted and retained the conferred benefit, and (3) under the circumstances it would be inequitable for Mr. Kern to retain the benefit.

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that EDR claims are more likely true than not true.

If you find EDR has proved these three elements, then you must find for the company on its unjust enrichment claim, and against Mr. Kern.

Authority:     *Duncan v. Kasim, Inc.*, 810 So. 2d 968, 971 (Fla. 5th DCA 2002).

## COUNT II - FRAUD[45/]

With regards to the second cause of action against Mr. Kern, for fraud, EDR claims that

Mr. Kern made fraudulent misrepresentations to EDR, and that such misrepresentations injured

EDR. EDR claims that Mr. Kern made fraudulent representations when he requested

reimbursements for expenses that he had already been reimbursed for in the past, and when he

requested reimbursements for expenses that he was not entitled to be reimbursed for. EDR seeks

to recover payment to compensate for the damages that it suffered.

To recover for fraud, EDR must prove by a preponderance of the evidence that:

---

[4] The plaintiff asserts that under conflict of law principles, the law of Connecticut would apply to the defendant's fraud claim. See *Sack v. Low* 478 F.2d 360, 365 -366 (2d Cir. 1973) ("This view is strengthened by the weight of authority in other jurisdictions, which generally adopts the view of the First Restatement of Conflicts that a cause of action for fraud arises where the loss is sustained and that loss from fraud is deemed to be suffered where its economic impact is felt, normally the plaintiff's residence. Trussell v. United Underwriters, Ltd., 236 F.Supp. 801, 803 (D.Colo. 1964) (application of borrowing statute in litigation under Rule 10b-5); Smith v. New York Life Ins. Co., 208 F.Supp. 240 (S.D.Iowa 1962) (choice of law); Strand v. Librascope, Inc., 197 F. Supp. 743 (E.D.Mich.1961) (choice of law); Boulevard Airport, Inc. v. Consolidated Vultee Aircraft Corp., 85 F.Supp. 876 (E.D.Pa.1949) (liability to service of process); Geller v. Transamerica Corp., 53 F.Supp. 625, 629-630 (D.Del. 1943), aff'd, 151 F.2d 534 (3 Cir. 1945) (choice of law). *Contra*, Smyth Sales, Inc. v. Petroleum Heat & Power Co., 128 F.2d 697 (3 Cir. 1942) (choice of law)"). Therefore, the burden of proof that the defendant carries is the higher standard of "clear and convincing evidence" as opposed to "preponderance of evidence."

[5/]    Defendant/Counterclaimant disputes Plaintiff's contention that under a choice of law analysis, Connecticut law applies. To the contrary, under a choice of law analysis, Florida law applies to Defendant/Counterclaimant's fraud counterclaim (and all its tort counterclaims). *See Benefit Concepts New York, Inc. v. New England Life Insurance Co.*, No 3:03CV1456 (DJS), 2004 WL 1737452, *4 (D.Conn. July 30, 2004) (applying the analysis of the Restatement Second of Choice of Law, under which the rights and liabilities of the parties with respect to an issue in tort are determined by the law of the state with the most significant relationship to the occurrence, and not exclusively to the place where the injury is sustained. Thus, besides the place of the injury, the Court must consider the place where the conduct

1- Mr. Kern made false statements or omissions regarding a material fact;

2- Mr. Kern knew these statements were false when the statements were made;

3- Mr. Kern made such statements with the intention of inducing EDR to rely upon them; and

4- EDR reasonably relied upon such statements and suffered damages as a result.

Each of these four elements of a cause of action for fraud will now be explained.

Authority: Adapted from 2 FLORIDA FORMS OF JURY INSTRUCTION § 60.01[1], § 60.02 [2]; *Ortho Pharmaceuticals Corporation v. Sona Distributors, Inc.*, 663 F.Supp. 64 (S.D. Fla. 1987); *Lance v. Wade*, 457 So. 2d 1008 (Fla. 1984); *Great American Ins. Co. v. Coppedge*, 405 So. 2d 732 (Fla. 4th DCA 1981, *rev. denied*, 415 So. 2d 1359 (Fla. 1982); FLA. STD. JURY INSTR. CIV. MI 8a; *Johnson v. Davis*, 480 So. 2d 625 (Fla. 1985); *Gutter v. Wunker*, 631 So. 2d 1117 (Fla. 4th DCA 1994); *S.H. Investment and Development Corp. v. Kincaid*, 495 So. 2d 768 (Fla. 5th DCA 1986); *Tourismart of America, Inc. v. Gonzalez*, 498 So. 2d 469 (Fla. 3d DCA 1986); *George Hunt, Inc. v. Wash-Bowl*, *Inc.*, 348 So. 2d 910 (Fla. 2d DCA 1977).

## FALSE REPRESENTATION

The first element which EDR must prove to establish their claim for fraud is that Kern made false statements of material fact.

The first part of this element requires EDR to show that Kern made false representations or omissions relating to a fact as opposed to statements of opinion. In this case, EDR claims that it reimbursed Mr. Kern as a result of his false statements regarding his entitlement to reimbursements for expenses. You must determine whether these statements were facts or

_____

causing the injury occurred, the domicile of the parties, and the place where the relationship between the

opinions.  An opinion is a belief stronger than a mere impression, but weaker than positive

knowledge or fact.  It is what one thinks is true, or thinks will occur, rather than something that is

already true and that can be proven.  Although generally there is no liability for fraud on the

basis of a false opinion, liability may be imposed if the party who made the misrepresentation

had superior knowledge of the facts or of the transaction.

The second part of the element requires a showing that the statements related to a

material fact.  A disclosure or nondisclosure is material if EDR would not have acted but for the

false statement.


Authority: Adapted from 2 FLORIDA FORMS OF JURY INSTRUCTION § 60.10[1], § 60.30[1]; FLA.
STD. JURY INSTR. CIV. MI 8c; *Johnson v. Davis*, 480 So. 2d 625 (Fla. 1985); *Atlantic National
Bank of Florida v. Vest*, 480 So. 2d 1328 (Fla. 2d DCA 1985); *A.S.J. Drugs, Inc. v. Berkowitz*,
459 So. 2d 348 (Fla. 4th DCA 1984); *Evans v. Gray*, 215 So. 2d 40 (Fla. 3d DCA 1968), *petition
for cert. denied*, 222 SO. 2d 748 (Fla. 1969); *Vokes v. Arthur Murray, Inc.*, 212 So. 2d 906 (Fla.
2d DCA 1968).


## KNOWLEDGE

The second element which EDR must prove is whether Mr. Kern had actual or implied

knowledge that the representations were false.  You may find that Mr. Kern had such knowledge

if Mr. Kern made the misrepresentations deliberately, knowing that the statements were false; or

if Mr. Kern should have known of the falsity of the representations, under the circumstances,

---

parties is centered).

even if he had no such actual knowledge.

Authority: Adapted from 2 FLORIDA FORMS OF JURY INSTRUCTION § 60.40[1]; *Johnson v. Davis*, 480 So. 2d 625 (Fla. 1985); *Macma Corp. v. Sara M. Corp.*, 463 So. 2d 534 (Fla. 4th DCA 1985); *Sun Life Assurance Co. of Canada v. Land Concepts, Inc.*, 435 So. 2d 862 (Fla. 4th DCA 1983); *Needle v. Lowenberg*, 412 So. 2d 678 (Fla. 4th DCA 1982); *Alexander/Davis Properties, Inc. v. Graham*, 397 So. 2d 699 (Fla. 4th DCA 1981); *Bobby Jones Garden Apts., Inc. v. Suleski*, 391 F.2d 172 (5th Cir. 1968).

### INTENT TO HAVE EDR RELY ON STATEMENT

The next issue for your determination is whether Mr. Kern made the misrepresentations

with the intent to induce EDR to act in reliance upon those representations.  Thus, in order for

EDR to recover under this claim for fraud, EDR must prove that Mr. Kern made representations

with the express purpose that EDR rely on them.

Authority: Adapted from 2 FLORIDA FORMS OF JURY INSTRUCTION § 60.50[1]; *Johnson v. Davis*, 480 So. 2d 625 (Fla. 1985); *Tourismart of America, Inc. v. Gonzalez*, 498 So. 2d 469 (Fla. 3d DCA 1986); *Houchins v. Case*, 138 Fla. 368, 189 So. 2d 402 (1939); *White v. Crandall*, 105 Fla. 70, 143 So. 871 (1932).

### ACTUAL INJURY CAUSED BY JUSTIFIABLE RELIANCE ON STATEMENTS

The next issue for your determination is whether EDR was justified in relying on the representations and suffered actual injury as a result.  The reliance must be justified, which means, that it must have been reasonable for EDR to have relied on Mr. Kern's representations, under the circumstances.  EDR has suffered an actual injury if it sustained an actual loss as a result of conduct by Mr. Kern.

Authority: Adapted from 2 FLORIDA FORMS OF JURY INSTRUCTION § 60.61[1], § 60.70[1]; *Uvanile v. Denoff*, 495 So. 2d 1177 (Fla. 4th DCA 1986); *Arango v. Guzman Travel Advisors*, 761 F.2d 1527 (11th Cir. 1985); *Burce v. American Development Corp.*, 408 So. 2d 857 (Fla 3d DCA 1982); *Forbes v. Auerbach*, 56 So. 2d 895 (Fla. 1952); *Lyle v. National Sav. Life Ins. Co.*, 558 So. 2d 1047 (Fla. 1st DCA 1990); *Food Fair, Inc. v. Anderson*, 382 So. 2d 150 (Fla. 5th DCA 1980);  *George Hunt, Inc. v. Wash-Bowl, Inc.*, 348 So. 2d 910 (Fla. 2d DCA 1977).

### CAUSATION

The next issue for your determination regarding EDR's claim for fraud is whether any representations or omissions by Mr. Kern were a legal cause of loss, injury or damage to EDR. Representations or omissions by Kern will be a legal cause of loss, injury or damage to EDR if the EDR proves that they directly and in a natural and continuous sequence produced or contributed substantially to producing such loss, injury or damage, so that it can reasonably be said that, but for the representation or omission, a loss, injury or damage would not have occurred.

12

Authority: Adapted from 2 FLORIDA FORMS OF JURY INSTRUCTION § 60.71[1]; *Sherban v. Richardson*, 445 So. 2d 1147 (Fla. 4th DCA 1984); *Tampa Terminal Co. v. Richards*, 146 So. 591 (Fla. 1933).

## <u>COUNT III - CONVERSION</u>

The third cause of action brought by EDR against Mr. Kern is a claim for conversion.

Conversion is an unauthorized act which deprives another of his or her property permanently or

for an indefinite time.  The essence of conversion is not the mere possession of the property by

the wrongdoer, but rather such possession in connection with a present intent to deprive the

person entitled to possession of his or her property.

To establish his claim for conversion, EDR must prove that:

(1)    Mr. Kern intentionally deprived EDR of personal property, including money;

(2)    This deprivation was permanent or for an indefinite time;

(3)    EDR had a present or immediate right to possess the property or money; and,

(4)    EDR did not consent or authorize the deprivations at issue, namely the duplicative and improper expense submissions.


Authority:  Adapted from 2 FLORIDA FORMS OF JURY INSTRUCTION § 61.01[1]; *Shelby Mut. Ins. Co. v. Crain Press, Inc.*, 481 So. 2d 501, 503 (Fla. 2d DCA 1985); *National Bank of Melbourne & Trust Co. v. Bachelor*, 266 So. 2d 185 (Fla. 4th DCA 1972); *Senfeld v. Bank of Nova Scotia Trust Co.*, 450 So. 2d 1157 (Fla. 3d DCA 1987).

### <u>PERSONAL PROPERTY SUBJECT TO CONVERSION</u>

Property may be subject to an action for conversion only if it is personal, as opposed to

land.  The court has determined, and now instructs you as a matter of law, that the property

involved in this case, which is money, is personal property.

Authority:  Adapted from 2 FLORIDA FORMS OF JURY INSTRUCTION § 61.04[1].

### <u>WRONGFUL TAKING</u>

The next issue for your determination on the claim of EDR against Mr. Kern on account

of alleged conversion is whether Mr. Kern's conduct with regard to property or money belonging to EDR constituted a wrongful taking. A wrongful taking does not require an actual manual taking. However, there must be actual interference with EDR's property or money, such as alteration, transfer, use, or failure to return, without EDR consent or authorization.

Authority: Adapted from 2 FLORIDA FORMS OF JURY INSTRUCTION § 61.05[1].

### INTENT

The next issue for your determination is whether Mr. Kern had the intention required to support a finding against him on EDR claim of conversion. Generally, Mr. Kern does not have to intend or know that he is wrongfully depriving the company of its property. Mr. Kern must only intend to take or exercise authority over the property in question. Thus, you may find that Mr. Kern had the required intent even if he mistakenly believed that he had a legal right to the property or money in question.

Authority: Adapted from 2 FLORIDA FORMS OF JURY INSTRUCTION § 61.06[1].

### COUNT IV - BREACH OF CONTRACT

The next issue you must determine as part of EDR's counterclaims against Mr. Kern is whether Mr. Kern breached his non-compete agreements. EDR claims that Mr. Kern entered into a written contract with it and Mr. Kern agreed not to compete with EDR after his employment with the company ended. A contract is an agreement establishing the parties' rights and duties. EDR alleges that the duties of Mr. Kern under this contract were to refrain from engaging in or working for certain businesses that competed with EDR, and to refrain from

soliciting business of the type engaged in by EDR.  Breach of Contract is defined as the failure, without legal excuse, to perform any promise which forms the whole or part of a contract.

The issues for your determination on the claim of EDR are:

Whether EDR has proven that Mr. Kern failed to abide by and perform his duties under the contract and, if so, whether that failure to perform was a legal cause of damages sustained by EDR.

If you find that EDR has proven its claim by a preponderance of the evidence, then your verdict should be for Environmental Resource Data and against Mr. Kern.

## COUNT V - TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS AND EXPECTATIONS

The issues for your determination on the fifth claim of EDR against Mr. Kern, for tortious interference with business relations and expectations, are whether Mr. Kern interfered with business relations and expectations of relations, between EDR and its customers and clients, whether Mr. Kern did so improperly and intentionally; and if so, whether such interference caused damage to EDR.

The first question is whether EDR has proven that Mr. Kern interfered with EDR's business relations and expectations with its clients and customers by inducing or otherwise causing its clients and customers.

If so, the next question is whether the interference by Mr. Kern was improper.  A person who enjoys business relations or has business expectations with another is entitled to protection for improper interference with that relationship.  EDR contends that such is the case here. Therefore, even though another person is entitled to compete for business or advance his own financial interest, he must have a proper reason or motive and use proper methods to do so.  EDR must prove here that Mr. Kern did not have proper or permissible motives and did not use the proper methods when he allegedly interfered with business relations and expectations between EDR and its customers and clients.

If you find that EDR has proven that Mr. Kern's interference was improper, the last question is whether it was intentional as well.  Interference is intentional if the person interfering knows of the business relationship with which he is interfering, knows he is interfering with that relationship, and desires to interfere or knows that interference is substantially certain to occur as a result of his action.

If you find that EDR has proven by a preponderance of the evidence that Mr. Kern intentionally interfered with EDR's business relationships and expectations with its clients and customers, your verdict should be for EDR.

Authority:      Adapted from FLA. STD. JURY INSTR. CIV. MI 7.2.

## COUNT VI - TORTIOUS INTERFERENCE WITH CONTRACTS

The issues for your determination on EDR's last against Mr. Kern, for tortious interference with contracts, are whether Mr. Kern interfered with contracts between EDR and its

customers and clients, whether he did so improperly and intentionally; and if so, whether such interference caused damage to EDR.

The first question is whether Mr. Kern interfered with EDR's contracts with its clients and customers by inducing or otherwise causing its clients and customers not to continue doing business or to reduce its business with EDR, as this business had been arranged by previous contractual relations.

If you find that EDR has proven by a preponderance of the evidence that Mr. Kern caused its clients and customers to cease doing business with EDR, then the next question is whether, as contended by EDR, the interference by Mr. Kern was improper. A person who enters into agreements or contracts with another is entitled to protection from improper interference with that contract. EDR contends that such is the case here. Therefore, even though another person is entitled to compete for the business or advance his own financial interest, he must have a proper reason or motive and use proper methods. EDR claims here that Mr. Kern did not have proper or permissible motives and did not use the proper methods when he interfered with contracts between EDR and its customers and clients.

If you find that EDR has proven by a preponderance of the evidence that Mr. Kern's interference was improper, the last question is whether it was intentional as well. Interference is intentional if the person interfering knows of the contract with which he is interfering, knows he is interfering with that relationship, and desires to interfere or knows that interference is substantially certain to occur as a result of his action.

If EDR has proven by a preponderance of the evidence its claim that Mr. Kern intentionally interfered with EDR's contractual relations with its clients and customers, then your verdict should be for EDR.

Authority:       Adapted from FLA. STD. JURY INSTR. CIV. MI 7.2.

## DAMAGES

EDR is seeking to recover the following damages as a result of the unlawful actions that Mr. Kern undertook against it.

### A.    COMPENSATORY DAMAGES

EDR is seeking compensatory damages against Mr. Kern for its claims of Unjust Enrichment, Fraud, Conversion, Breach of Contract, Tortious Interference with Business Relations and Expectation, and Tortious Interference with Contracts.

"Compensatory damages" -- also called "actual damages" -- are EDR's direct economic losses and out-of-pocket expenses resulting from the effect of Mr. Kern's conduct.  In other words, Mr. Kern is liable for all damages suffered by EDR, that were caused by him.

The objective of compensatory damages is to make the injured party whole to the extent that it is possible to measure an injury in terms of money.

EDR is not entitled to recover compensatory damages in excess of an amount representing the loss actually inflicted by Mr. Kern's wrongful act.  Actual or compensatory damages are not dependent on proof of malice and are not graded by the intent with which the wrongful act is shown to have been done.

If you find for EDR on any of its claims against Mr. Kern, the question you should attempt to resolve in this regard is this:  What is the amount of money required to right the wrongs caused to EDR by Mr. Kern as to each such claim?

### UNJUST ENRICHMENT

If you find for EDR with regard to the counterclaim for unjust enrichment, you should award an amount of money that EDR has proven by a preponderance of the evidence will fairly and adequately compensate EDR for the reasonable or fair market value of the property or money through which Kern was unjustly enriched.

### FRAUD

If you find for EDR with regard to the counterclaim for fraud, you should award EDR the amount of damages EDR has proven by a preponderance of the evidence that is necessary to put the company in the position it would have been had Mr. Kern not committed the fraud.  That is, you must restore EDR to the position it was in before the fraud occurred.

### CONVERSION

If you find for EDR with regard to the counterclaim for conversion, you should award against Mr. Kern an amount of money that EDR has proven by a preponderance of the evidence that will fairly and adequately compensate EDR for the reasonable or fair market value of the converted property (money) at the time and place of the conversion, plus interest to the date of the verdict.

If you find for EDR, but find that no damage has been proved, you should award EDR nominal damages.  Nominal damages are damages of an inconsequential amount that are awarded when a wrong has been done but a preponderance of the evidence shows no actual damage.

## TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS AND EXPECTATIONS

If you find for EDR on its counterclaim of tortious interference with business relations and expectations, you should award EDR an amount of money that that EDR has proven by a preponderance of the evidence will fairly and adequately compensate EDR for the losses and damages it suffered as a result of the intentional interference.  Such interference is the cause of losses or damages if it directly and in a natural and continuous sequence produces or contributes substantially to producing such losses or damages.

## TORTIOUS INTERFERENCE WITH CONTRACT

If you find for EDR on its counterclaim of tortious interference with contracts, you should award EDR an amount of money that EDR has proven by a preponderance of the evidence will fairly and adequately compensate EDR for the losses and damages it suffered as a result of the intentional interference.  Such interference is the cause of losses or damages if it directly and in a natural and continuous sequence produces or contributes substantially to producing such losses or damages.

Authority:  *AFM Corp. v. Southern Bell Telephone & Telegraph Co.*, 515 So. 2d 180 (Fla. 1987); *Rolls v. Mercury Motors Express, Inc. v. Smith*, 393 So. 2d 545 (Fla. 1981); *Hanna v. Martin*, 49 So. 2d 585 (Fla. 1950); *Bisque Assocs. of Fla., Inc. v. Towers of Quayside No. 2 Condominium Ass'n*, 639 So. 2d 997 (Fla. 3d DCA 1994); *Bliss & Nyitray, Inc.*, 408 So. 2d 229 (Fla. 3d DCA 1981), *appeal dismissed*, 415 So. 2d 1359 (Fla. 1982); 17 Fla. Jur. 2d *Damages* §7, at 16-18 (1997); FLA. STD. JURY INSTR. MI 8, note 3; ABA Model Jury Instructions, No. 2.09(1).

## B.    EXPECTATION AND CONSEQUENTIAL DAMAGES
## FOR BREACH OF CONTRACT

If you find for EDR on its breach of contract claim against Mr. Kern, you should award EDR an amount of money that that EDR has proven by a preponderance of the evidence will fairly and adequately compensate the company for damages caused by Mr. Kern's breach of contract.  Failure to perform one's duties under a contract is a legal cause of damage if it directly and in natural and continuous sequence produces or contributes substantially to producing damage, so that it can reasonably be said that, but for the failure to perform, the damage would not have occurred.  EDR is entitled to recover damages that will put it in the same position it would have been in if Mr. Kern had abide by and performed his duties under the contract.

In addition, you shall also award such other consequential losses as were directly and proximately caused by the conduct of Mr. Kern.

Authority:      Adapted from Fla. Std. Jury Instr. Civ. MI 12.1; 1-17 Jury Instructions in Commercial Litigation §  17.03.

## C.     PUNITIVE DAMAGES[67/]

If you find for EDR and against Mr. Kern, you should consider whether, in addition to compensatory damages, punitive damages are warranted in the circumstances of this case as punishment and as a deterrent to others.

Punitive damages are warranted if you find by clear and convincing evidence that Mr. Kern was guilty of intentional misconduct when it defrauded and converted property belonging to EDR, and when it intentionally interfered with EDR's business relations and expectations, and contracts.  "Intentional misconduct" means that Mr. Kern had actual knowledge of the conduct and the high probability that injury or damage to EDR would result, and despite that knowledge, intentionally pursued that course of conduct.

In determining the amount of damages, if any, to be assessed as punishment and as a deterrent to others, you should decide any disputed factual issues by a preponderance of the evidence.  Again, "preponderance of the evidence" means the more persuasive and convincing force and effect of the entire evidence in the case.  You should consider the following:

---

[6 6] Plaintiff's also asserts that under conflict of law principles, the law of Connecticut would apply to the defendant's state law tort claims as well as its contractual claims.  Therefore, punitive damages are not cognizable.

[7/] As discussed in Note 5, Florida law applies to all of EDR's counterclaims, except its breach of contract claim, and accordingly, punitive damages are available as to all of its tort counter claims.

(1)    The nature, extent and degree of misconduct and the related circumstances;

(2)    Mr. Kern's financial resources.

(3)    Any other circumstances that may affect the amount of punitive damages.

Any punitive damages you assess would be in addition to any compensatory damages you award.  You may in your discretion decline to assess punitive damages.

Authorities:  Adapted from 2 FLORIDA FORMS OF JURY INSTRUCTION § 61.42[1]; FLA. STD. JURY INSTR. CIV. PD 2a; PD 2d; §§ 768.72(2), 768.725, Fla. Stat.; *Nicholas v. Miami Burglar Alarm Co., Inc.*, 339 So. 2d 175, 178 (Fla. 1976) .

Respectfully Submitted,


Willinger, Willinger & Bucci, P.C.            Morgan, Lewis & Bockius LLP

By: _____            By: _____
    Thomas W. Bucci, Esquire                  Mark E. Zelek
      Ct. Fed. Bar No. 07805                   Ct. Fed Bar No. ct25203
      *thomasbucci@earthlink.net*              *mzelek@morganlewis.com*
    855 Main Street                          Brian D. Buckstein
    Bridgeport, Connecticut 06604             Ct. Fed Bar No. ct24543
    Telephone:   203.366.3939              *bbuckstein@morganlewis.com*
    Facsimile:    203.337.4588              5300 Wachovia Financial Center
                                             200 South Biscayne Boulevard
                                          Miami, Florida  33131-2339
                                          Telephone:   305.415.3303
                                          Facsimile:    305.415.3001


                                          Sarah W. Poston, Esq.
                                          Ct Fed. Bar No. ct 19702
                                          Marcy Tench Stovall, Esq.
                                          Ct. Fed. Bar No. ct14238
                                          Zeldes, Needle & Cooper, P.C.
                                          1000 Lafayette Blvd.
                                          P.O. Box 1740
                                          Bridgeport, CT  06601-1740
                                          Telephone:  203.333.9441
                                          Facsimile:  203.333.1489

26