UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
-------------------------------------------------------X
CHARLES W. KERN,                        :
                                        :
            Plaintiff,                  :
                                        :   3:03 CV 0233 (AVC)
      -against-                         :
                                        :
ENVIRONMENTAL DATA                      :
RESOURCES, INC.                         :
                                        :
            Defendant.                  :   October 8, 2004
-------------------------------------------------------X
```

**DEFENDANT'S OPPOSITION TO ANY PUNITIVE OR COMPENSATORY DAMAGES JURY INSTRUCTION CONCERNING PLAINTIFF'S ADEA RETALIATION CLAIM**

Defendant Environmental Data Resources, Incorporated ("EDR" or "Defendant"), respectfully submits this memorandum in opposition to any effort by Plaintiff to obtain a punitive or compensatory damages jury instruction concerning his retaliation claim under the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq*. ("ADEA").

**INTRODUCTION**

During negotiations concerning the Joint Pretrial Statement, Plaintiff indicated he intends to seek a punitive damages jury instruction concerning his retaliation claim under the ADEA. EDR opposes any such instruction as contrary to the express language of the ADEA and improper in light of binding precedent from this Circuit.

**MEMORANDUM OF LAW**

Punitive and compensatory damages are not one of the several remedies available under the ADEA. *See* 29 U.S.C. 626(b). *See also Johnson v. Al Tech Specialties Steel Corp.*, 731 F.2d 143, 147 (2d Cir.1984) (holding no compensatory damages available under the ADEA); *Townsend v. Exchange Security Ins. Co.*, 196 F. Supp. 2d 300 (W.D.N.Y. 2002) ("First, as a

matter of law, punitive damages are not available under either the ADEA . . ."); *Brennan v. City of White Plains*, 67 F.Supp.2d 362, 378 (S.D.N.Y.1999) (same).[1]

The case law in this Circuit is clear and recognizes that punitive and compensatory damages are not available under the ADEA. In *Koehler v. Chesebrough-Ponds, Inc.*, this court noted that "it is well settled that a plaintiff may not recover compensatory or punitive damages under the ADEA." 705 F.Supp. 721, 723 (D.Conn. 1988)(Glazer Margolis, J.)(citing *Johnson v. Al Tech Specialties Steel Corp.*, 731 F.2d 143, 147-48 (2d Cir. 1984)). Similarly, in *Herbst v. Chesebrough-Pond's, Inc.*, Civ. No. H-85-481 TEC, 1986 WL 22358, *2 (D.Conn. Sept. 16, 1986)(Clarie, J.), this court stated:

> The Second Circuit in *Addie Johnson v. Al Tech Specialties Steel Corp.*, 731 F.2d 143 (2d Cir. 1984) made clear that punitive damages and compensatory damages were not available under the ADEA. Judge Kaufman wrote, "We believe that affording victims of discrimination the opportunity to obtain such relief would deter them from fully participating in the ADEA's administrative conciliation scheme, and accordingly, we affirm the district court's dismissal of the demands for compensatory damages." *Id.* at 147.

*Herbst,* 1986 WL 22358 at *2.

Because Plaintiff is not entitled to punitive or compensatory damages if he prevails on his ADEA retaliation claim, the Court should not permit a punitive or compensatory damages jury instruction.[2]

---

[1] Furthermore, it is worth noting that "[I]t is an 'elemental canon' of statutory construction that where a statute expressly provides a remedy, 'courts must be especially reluctant to provide additional remedies.'" *See, e.g., Grochowski v. Phoenix Const.*, 318 F.3d 80, 85 (2d Cir. 2003) (quoting *Karahalios v. Nat'l Fed'n of Employees*, 489 U.S. 527, 533 (1989).

[2] Quite tellingly, Plaintiff did not even allege or seek punitive or compensatory damages concerning his ADEA claim in his Amended Complaint. *See* Dkt. No. 17 at 15.

CASE NO. 303-CV-0233-AVC

DATED this 8th day of October, 2004.

        Respectfully submitted,

        Morgan, Lewis & Bockius LLP

By: _____
    Mark E. Zelek
    Ct. Fed Bar No. ct25203
    Brian D. Buckstein
    Ct. Fed Bar No. ct24543
    bbuckstein@morganlewis.com
    5300 Wachovia Financial Center
    200 South Biscayne Boulevard
    Miami, Florida  33131-2339
    Telephone:   305.415.3303
    Facsimile:    305.415.3001

  Sarah Poston, Esq.
   Ct. Fed Bar No. ct19702
  Robert M. Frost, Jr.
  Ct. Fed. Bar. No. ct 19771
  Zeldes, Needle & Cooper, P.C.
  1000 Lafayette Blvd.
  P.O. Box 1740
  Bridgeport, CT  06601-1740
  Telephone: (203)  333-9441
  Facsimile: (203) 333-1489

## CERTIFICATE OF SERVICE

I certify that the foregoing has been furnished to counsel for Plaintiff, Thomas W. Bucci, Esq., Willinger, Willinger & Bucci, P.C., 855 Main Street, Bridgeport, CT 06604 by U.S. mail this 8th day of October, 2004.

        _____
        Robert M. Frost, Jr.